**James JOHNS, Appellant,**

v.

**FIRST UNION CORPORATION, t/a First Union National Bank and First Union National Bank, Joseph F. Bushek, Joseph F. Bushek, Jr., Individually and t/a Bushek Automotive, Bushek Automotive, Stephen J. Desmond and James F. Desmond and 1–800 Hitch–It, Inc., Joseph G. Slemmer, Individually and t/a Slemmer Realty Company and Slemmer Realty Company, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 27, 2001.
Filed May 9, 2001.

James Johns, appellant, pro se.

Robert C. Mickle, Philadelphia, for Bushek Automotive.

Joseph M. DeMarco, Media, for Desmond and 1–800 Hitch–It.

David Karamessinis, Conshohocken, for First Union National Bank.

Before Del SOLE, P.J., EAKIN and LALLY–GREEN, JJ.

DEL SOLE, President Judge:

¶ 1 This is an appeal from a trial court order transferring Appellant's cause of action from Philadelphia County to the Court of Common Pleas of Bucks County based on the doctrine of *forum non conveniens.* We reverse.

¶ 2 Appellant instituted this action seeking to recover for injuries suffered while he was riding his bicycle home from his place of employment. Appellant's complaint alleges that, when traversing property owned, leased, and/or occupied by the Appellees, Appellant's bicycle hit an asphalt mound, causing him to be thrown forward over the handlebars onto the pavement. As a result, Appellant alleged he suffered certain injuries.

¶ 3 Appellant originally filed suit in the Court of Common Pleas of Bucks County, but later filed a praecipe for a voluntary discontinuance before reinstituting the action in Philadelphia County. A Petition to Transfer Venue was filed by Appellees, to which Appellant responded. The trial

court granted the petition and this appeal followed.

■ ¶ 4 A trial court has considerable discretion in granting a change of venue based on *forum non conveniens* and absent an abuse of that discretion, we will not disturb its decision. *Keuther v. Snyder*, 444 Pa.Super. 468, 664 A.2d 168, 169 (1995). However, if the trial court has not held the defendant to the proper burden, the equivalent of an abuse of discretion has been demonstrated. *Johnson v. Henkels & McCoy, Inc.*, 707 A.2d 237, 239 (Pa.Super.1997).

■ ¶ 5 A trial court should not grant a petition to transfer venue unless "the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Cheeseman v. Lethal Exterminator* 549 Pa. 200, 701 A.2d 156, 162 (1997). The *Cheeseman* court explained that a petitioner can meet this burden by:

> establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or the ability to conduct a view of the premises involved in the dispute. But we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Id.*

¶ 6 In this case Appellees' petition averred that Appellant's employer is located in Bucks County, the site of the accident is in Bucks County, and all the defendants with the exception of First Union Corporation and First Union National Bank are within Bucks County. The petition also states that numerous witnesses who are expected to testify at trial are located in Bucks County. Thereafter one individual Appellee is named and two other references are made to "a representative" of different Appellees.

¶ 7 In response Appellant replied that he resides in Philadelphia County. He also lists 36 other witnesses, which include an eyewitness, EMS personnel and differing treating physicians and health care workers for whom Philadelphia would be the more convenient forum. Appellant further states that Philadelphia is actually substantially closer in distance and travel time to the scene of the accident than is the courthouse of Bucks County.

¶ 8 The trial court granted the petition to transfer reasoning that because of the contacts named in Appellees' petition "Bucks County has the most notable contacts to this cause of action." Trial Court Opinion, 10/26/00, at 4. The trial court concluded that because the various witnesses and the accident scene are both in Bucks County, litigating this matter there "would be more convenient for both parities." *Id* at 5.

■ ¶ 9 Upon review we find it necessary to reverse the trial court's ruling. Under the Supreme Court's decision in *Cheeseman*, a petitioner seeking a transfer of venue on the basis of *forum non conveniens* must meet a stringent standard. Appellees in this case have not established on the record that trial in Philadelphia County would prove oppressive and vexatious. Appellant brought this action in the county in which he resides against a number of defendants, at least two of which regularly conduct business in Philadelphia County. Although Appellees list three witnesses who reside in Bucks County,

they name only one in contrast to the numerous witnesses named by Appellant. Further, despite Appellees' claim that Bucks County would be more convenient for a view of the accident site which is in that county, Appellant disputed the convenience of a site visit between the two counties in his Response. Appellees chose not to develop the record in this matter according to Pennsylvania Rule of Civil Procedure 206. Further while the trial court mentioned the potential need to view the scene, we note that a viewing is seldom necessary and, if it is warranted, a jury can be bussed to the locale.

¶ 10 There is no reason in this case to disturb the Appellant's choice of forum. Appellees have provided no valid basis to support a conclusion that Appellant sought to try this action in Philadelphia County in an effort to harass or inconvenience Appellees. Rather Appellant, himself a resident of Philadelphia, chose to try this action in a county which is a suitable forum. Accordingly, we reverse the trial court's order and remand this matter for further proceedings.

¶ 11 Order reversed. Case remanded. Jurisdiction relinquished.