# Wood v. E.I. du Pont de Nemours and Company Inc.

416

*Eugene D. McGurk Jr.,* for plaintiffs.
*Mark S. Stewart,* for defendant.

TERESHKO, *J.,* June 22, 2001—This case presents an appeal from this court's order of May 3, 2001, granting defendant's petition, after oral argument, for change of venue to Bradford County pursuant to Pa.R.C.P. 1006 (d)(1).

This personal injury action was brought in Philadelphia County against the defendant, E.I. du Pont de Nemours and Company, by plaintiffs Jason Wood Sr. and Holly Wood. The defendant petitioned this court for a transfer of venue to Bradford County pursuant to Pa.R.C.P. 1006(d)(1), alleging plaintiffs' choice of venue in Philadelphia was vexatious and oppressive. On March 17, 2000, this court denied defendant's first petition for change of venue without prejudice. Subsequently, on March 5, 2001 of the following year, defendant filed a second petition for a transfer of venue to Bradford County with answer filed by plaintiffs on April 4, 2001. In light

of newly detailed information on the record established at oral argument on April 27, 2001, along with defendant's specification of key witnesses and their potential testimony, this court granted the defendant's petition for transfer of venue on May 3, 2001. Pursuant to Pa.R.A.P. 1925(b), this court received plaintiffs' statement of matters complained of upon appeal on June 1, 2001. This opinion will consolidate all issues raised by plaintiffs in the instant case.

The relevant facts relating to this cause of action are as follows: this matter was commenced by the plaintiffs to recover for injuries suffered as a result of a fall. Plaintiff Jason Wood alleges that on January 8, 1998, he tripped and fell on a hole in the shipping area lot of the defendant's plant in Towanda, Bradford County, Pennsylvania, while making a pick-up for his employer, a New Jersey company. Plaintiffs then filed a civil suit in Philadelphia County against defendant seeking damages incurred from the alleged fall. Plaintiffs were, at the time of the accident, and continue to be, residents in the State of Delaware. Defendant is a foreign corporation with a registered office in Philadelphia County.

The doctrine of forum non conveniens is embodied in Pa.R.C.P. 1006(d)(1) which states, "for the convenience of parties and witnesses, the court upon petition of any party, may transfer an action to the appropriate court of any other county where the action could have originally been brought." The supplement to this rule, Pa.R.C.P. 2179(a), provides "except as otherwise provided by an Act of assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in:

"(1) the county where registered office or principal place of business is located;

"(2) a county where it regularly conducts business;

"(3) *the county where the cause of action arose;* or

"(4) a county where the transaction or occurrence took place out of which the cause of action arose."

"[O]ne of the most important factors in determining whether a dismissal on ground of forum non conveniens is appropriate is whether an alternative forum is available to the plaintiff." *Goodman by Goodman v. Pizzutillo,* 452 Pa. Super. 436, 446, 682 A.2d 363, 367-68 (1996) (quoting *Farley v. McDonnell Douglas Truck Services Inc.,* 432 Pa. Super. 456, 638 A.2d 1027 (1994) (citing *Plum v. Tampax Inc.,* 399 Pa. 553, 160 A.2d 549 (1960)). A court reviewing a change of venue petition has considerable discretion when determining whether to grant the petition. Although the plaintiffs' choice of forum should be given significant weight there are many factors a court must look to when reviewing a petition to transfer venue. *Wills v. Kaschak,* 420 Pa. Super. 540, 617 A.2d 37 (1992).

In *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 701 A.2d 156 (1997), the Pennsylvania Supreme Court established the standard this court must use when ruling on a petition to transfer venue pursuant to Pa.R.C.P. 1006(d)(1). Under this standard, the defendant must successfully show with *detailed information on the record* that the plaintiff's forum is oppressive or vexatious to them. *Id.* at 213, 701 A.2d at 162. A plaintiff's chosen forum is oppressive to the defendant, for instance, if "trial in another county would provide easier access to wit-

nesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute." *Id.* at 213, 701 A.2d at 162. For example, the record may include the affidavits of witnesses or the deposition testimony of witnesses. *Kummer v. St. Joseph Regional Health Network,* 2001 WL 614888, *2 (Pa. Super.) (citing *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237 (Pa. Super. 1997)).

Claims that "no significant aspect of the case involves the chosen forum, and that litigating in another forum would be more convenient" are not sufficient to establish that the chosen forum is oppressive or vexatious. *Cheeseman, supra* at 213, 701 A.2d at 162. The defendant must show more than the chosen forum is merely inconvenient. *Id.* The doctrine of forum non conveniens provides the court with a means of looking beyond the technical considerations such as jurisdictions and venues to determine whether litigation in the plaintiff's chosen forum would serve the interest of justice under the particular circumstances. *Alford v. Philadelphia Coca-Cola Bottling Co. Inc.,* 366 Pa. Super. 510, 513, 531 A.2d 792, 794 (1987).

In the present case, the plaintiffs chose to bring suit in Philadelphia County; however, this action could have been brought in Bradford County, where the cause of action arose. Therefore, an alternative forum was, and is still, available to the plaintiffs.

The hotly disputed issue in this case is whether a hole existed at defendant's plant on the day of plaintiff's fall. Defendant's case will attempt to prove that such a hole never existed prior to, or at the time of, plaintiff's al-

leged fall in the shipping lot on January 8, 1998. As a result, defendant plans to call expert witness, Malcolm Lim, who conducted a ground-penetrating radar test of the pavement. (See exp. rep. of M. Lim.)

Defendant has also shown with detailed information on the record they plan to call the following plant employees: John Flanagan, to testify there were no problems with the 1997 paving job, and that the shipping area has not been repaved since 1997 (dep. of J. Flanagan at 18, 20); John Keegan, to testify that no construction permits have been issued for repaving or any other type of repair since the alleged accident (dep. of J. Keegan at 14-16); George Watson, to testify that no such work has been done in the relevant area since the time of the alleged accident (aff. of G. Watson at ¶3); Mike Walsh, to show there were no drains or similar holes in the relevant area that had been removed or covered since the alleged accident (dep. of M. Walsh at 12, 19); Edwin Robertson, to explain the purpose of monitoring wells in the shipping yard and testify that none existed at the time of the alleged accident (see dep. of M. Walsh at 8 (identifying E. Robertson as person most knowledgeable about monitoring wells in the area)); Vance Seely, to testify that none of the bi-monthly safety audits performed in the shipping area around the time of the alleged accident mention the existence of any hole in the lot (dep. of V. Seely at 25); Walter Beebe, to testify that none of the truck drivers who performed their duties in the shipping area lot ever complained about the alleged hole (dep. of W. Beebe at 31-32). These specified witnesses, essential to defendant's case, are located about 190 miles from Philadelphia County. However, if the trial were to be held

in Bradford County, these witnesses would be less than 2 miles away from the Bradford County Courthouse.

Defendant plans to call employees of the IA Construction Corporation who performed the paving job at the shipping site within DuPont's Towanda plant, prior to the alleged accident. DuPont is prepared to call three of IA Construction foremen that worked on the job to testify that IA Construction left no holes unpaved in the relevant area. Defendant also plans to call IA Construction President Terry Brofee, to authenticate documents that establish the paving job was completely finished by October 3, 1997, and to testify that no one from IA Construction ever returned to DuPont's Towanda plant after that date to remedy any problems with the job. (Aff. of T. Brofee at ¶¶3-4.) IA Construction is located in Muncy, Pennsylvania within Lycoming County, a neighboring county of Bradford County. As a result, the witnesses from IA Construction would be required to travel over 173 miles if this case were to be tried in Philadelphia County. Since defendant has specified their key witnesses and also their potential testimony regarding the condition of the pavement and the alleged hole after the first denial for change of venue, it is now clearly shown on the record that Bradford County would provide easier access to these witnesses.

In order for a proper verdict, it may be essential to allow the jury an opportunity to view the scene in order to weigh the testimony of the experts and witnesses. The decision whether to grant a request for a jury view is within the discretion of the trial judge. (Pa.R.Crim.P. 1112.) "[A] view may sometimes be of the highest importance where there is a conflict of testimony. It may

enable the jurors to see on which side the truth lies." *Lobozzo v. Adam Eidemiller Inc.,* 437 Pa. 360, 366, 263 A.2d 432, 435 (1970) (quoting *Gorgas v. Philadelphia H. & P. Railroad Co.,* 144 Pa. 1, 13, 22 A. 715 (1891)).

In *Johns v. First Union Corporation,* 777 A.2d 489 (Pa. Super. 2001), defendant sought a transfer of venue from Philadelphia County to Bucks County where the alleged accident took place. Defendant reasoned that besides several witnesses located in Bucks County, a view of the accident scene by the jury would be more convenient. However, the defendant failed to establish this matter on the record in accordance with Pa.R.C.P. 206, requiring a petition to specify the relief sought and state material facts which constitute those grounds. While viewing the scene is seldom necessary, if it is warranted, a jury can be bussed to the locale. *Id.* at 492. Since Bucks County is only about 30 miles from Philadelphia County, the cost to the court and little burden placed on the jurors would be warranted if a view of the scene is determined necessary. As a result, the Superior Court denied the motion for transfer of venue since the defendant companies did not establish that a trial in Philadelphia County would prove oppressive or vexatious.

Unlike *Johns,* defendant has established, pursuant to Pa.R.C.P. 206, it is necessary for the jury to view the pavement where the alleged fall took place in order to determine if a hole existed, was repaired or paved over at any time prior to, or after the alleged accident. The defense intends to show the alleged location of the hole had been paved just months prior to the accident and that such a hole never existed on the day of plaintiff's accident. The defense counsel maintains that this deter-

mination can, and should, be made by the jury to determine negligence, the basis of this suit. Compared to the *Johns* case, bussing the present jury 190 miles, from Philadelphia County to Bradford County, to view the accident scene would place an unnecessary burden on the jury and unneeded cost on the court. Therefore, under *Cheeseman,* Bradford County would provide easier access to conduct a view of premises involved in the dispute. See *Cheeseman, supra.*

A trial in Bradford County would better serve the interests of justice since it provides easier access to witnesses and also an ability for the jury to view the characteristics of the shipping lot pavement, where the alleged fall took place. Allowing this trial to proceed in Philadelphia County would be not only oppressive to defendant, but the monetary expenses possibly incurred, either for travel and/or lodging and meals to Philadelphia County, as compared to Bradford County, do not justify the trial of this case in Philadelphia County. A transfer of venue to Bradford County is hereby ordered.