652 A.2d 349

**Howard D. MATHUES, Appellant**

v.

**TIM–BAR CORPORATION, Trading as Merchandising Innovations.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1994.

Filed Dec. 23, 1994.

232

David E. Stern, Blue Bell, for appellant.

Stephen L. Grose, Harrisburg, for appellee.

Before CIRILLO, TAMILIA and HOFFMAN, JJ.

TAMILIA, Judge:

Howard D. Mathues appeals from the September 21, 1993 Order granting the preliminary objections of appellee/Tim–Bar Corporation t/a Merchandising Innovations and granting change of venue to York County, Pennsylvania. The facts have been set forth by the trial court as follows.

On or about June 5, 1989, Plaintiff accepted employment with Defendant, Merchandising Innovations (hereafter known as "MI"). The terms of Plaintiff's employment were set out in two letters from Thomas A. Tegen, Defendant's then president. None of the negotiations which led to the offer of employment or acceptance were conducted in Montgomery County. Both letters originated from MI in Hanover (York County), Pennsylvania and were mailed to Plaintiff in New Jersey.

A subsequent memo was issued on August 16, 1990 to Plaintiff in New Jersey regarding his commissions. This letter also originated from York County.

Prior to March 1992, MI was a corporation wholly owned by Tim–Bar Corporation. MI, which is now located in Adams County, is now one of five divisions of Tim–Bar. MI has its own officers and different offices than Tim–Bar.

Plaintiff's position at MI was as a salesman. He operated out of his home in New Jersey and visited MI offices in York and Adams Counties. MI never had an office in Montgomery County.

Robert Elicker, General Manager at MI, telephoned Plaintiff at his home on December 22, 1992 to inform him that his employment at MI was terminated.

(Slip Op., Rossanese, J., 4/20/94, pp. 1–2.)

As the result of this termination, on February 12, 1993, appellant instituted a breach of contract action in Montgomery County to recover monies allegedly owed to him for salaries, commissions, expenses, etc., pursuant to the employment agreement. On March 18, 1993, appellee filed preliminary objections alleging that venue was not proper since Montgomery County has no relationship to the controversy between the

parties. The trial court granted appellee's preliminary objections and transferred this case to York County. Appellant thereafter filed the present appeal arguing venue is clearly proper in Montgomery County because he regularly conducted business in that county and transactions occurred in Montgomery County out of which this cause of action arose. In addition, appellant contends appellee has failed to prove York County is the proper venue.

The trial court is vested with discretion in determining whether or not to grant a petition to transfer venue. *Shears v. Rigley,* 424 Pa.Super. 559, 623 A.2d 821 (1993). The determination depends on the facts of the case and will not be disturbed if the decision is a reasonable one in view of those facts. *Battuello v. Camelback Ski Corp.,* 409 Pa.Super. 642, 598 A.2d 1027 (1991). This Court will not reverse the trial court's decision unless there exists an abuse of discretion. *Id.*

Venue in an action against a corporation is governed by Pa.R.C.P. § 2179, which states:

(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

We find no error in the trial court's assessment of the evidence relevant to venue in this case or its decision to transfer the action to York County. A review of the record finds the trial court had ample evidence to support its determination appellee did not and does not regularly conduct business in Montgomery County to support a finding of venue pursuant to Pa.R.C.P. § 2179(a)(2). This Court must focus on the nature of the acts the corporation allegedly performs in that county, which must be assessed both as to their quantity and quality. *Battuello, supra.* The trial court found appel-

lee's acts in Montgomery County to be isolated and limited. Specifically, the court reviewed numerous invoices and letters which apparently originated from only two or three sales and appeared to be billings of later shipments and solicitation by appellant of sales prospects. The court correctly found these activities lacked the requisite "quantity" to establish regularly conducted business. *See Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 243–45, 579 A.2d 1282, 1285 (1990) (quantity means those acts which are so continuous and sufficient to be general or habitual). The court also correctly determined the attempted sales contacts and related activities lacked the requisite "quality" to satisfy the regular contact required by Pa. R.C.P. § 2179(a)(2). *Id.* at 247–48, 579 A.2d at 1287 (mere solicitation of business in a particular county does not amount to regularly conducting business).

Secondly, we find the trial court did not err in its determination, pursuant to Pa.R.C.P. § 2179(a)(4), that venue was improper since neither the cause of action nor transaction or occurrence out of which the cause of action arose occurred in Montgomery County. Appellant's complaint alleged breach of contract, however the trial court found that none of the negotiations which led to the offer or acceptance of employment were conducted in Montgomery County. Rather, York County was the proper venue since, *inter alia,* the two negotiation letters and a subsequent commission structure letter originated from appellee's principal place of business, which was at the time in York County.

If there is any basis for the trial court's decision to grant the petition to transfer venue, the decision must stand. *Shears, supra.* Accordingly, we find the trial court did not abuse its discretion in changing the venue to York County.

Order affirmed.