**Lillie BORGER, Individually and as Executrix of the Estate of Morris Borger**

v.

**George F. MURPHY, M.D., Theodore Matulewicz, M.D., Harvey Passman, M.D., and John Farrell, M.D.**

**Appeal of: Lillie Borger**

Superior Court of Pennsylvania.

Argued Jan. 16, 2002.
Filed April 3, 2002.

---

Richard P. Abraham, Philadelphia, for appellant.

Gregory S. Nesbitt, Philadelphia, Allentown, for Farrell, appellee.

Terence Pitt, Blue Bell, for Passman, appellee.

Before: HUDOCK, KLEIN and BECK, JJ.

HUDOCK, J:.

¶ 1 This is an appeal from an interlocutory order appealable as of right transferring venue from Philadelphia County to

Lehigh County. *See* Pa.R.A.P. 311(c) (changes of venue). We affirm.

¶ 2 Morris Borger went to the office of John Farrell, M.D., and Harvey Passman, D.O., on September 1, 1995, for treatment of a mole on his back. Dr. Passman removed some, but not all, of the tissue and sent it to Theodore Matulewicz, M.D., for analysis. Dr. Matulewicz was uncertain of the diagnosis and sent the tissue to George Murphy, M.D. Dr. Murphy recommended the complete removal of the affected area. However, his recommendation was not followed by Drs. Farrell and Passman.

¶ 3 On September 10, 1996, Mr. Borger returned to the medical office of Drs. Farrell and Passman. At that time, Dr. Farrell allegedly removed a sebaceous cyst from the same area of Mr. Borger's back where the mole had been removed. Dr. Farrell discarded the cyst without pathological examination. On March 12, 1997, Mr. Borger returned to the same medical office to have two more cysts removed. The tissue was sent to Dr. Matulewicz, who diagnosed malignant metastic melanoma. Mr. Borger later received treatment from a melanoma specialist in Philadelphia County, David Berd, M.D.

¶ 4 Mr. Borger and Lillie Borger, his wife, commenced a medical malpractice action against Drs. George Murphy, Theodore Matulewicz, Harvey Passman, and John Farrell (Appellees) by filing a writ of summons in Philadelphia County on March 5, 1999. Venue in Philadelphia County was based on the fact that Drs. Murphy and Matulewicz were residents of Philadelphia County at the time the suit was commenced. No allegations of medical malpractice were made against Dr. Berd, but he was listed as a potential trial witness by the Borgers. On July 9, 1999, Mr. Borger died from metastasis of the malignant melanoma to his brain. Lillie Borger, Appellant, now maintains this suit individually and as executrix of the estate of her husband.

¶ 5 On February 26, 2001, Dr. Farrell filed a petition to transfer venue. Dr. Farrell based his venue challenge on the contention that venue in Philadelphia County was inconvenient under Rule 1006(d)(1), in that it was oppressive and vexatious. Dr. Farrell did not argue that Philadelphia County was an improper forum in which to bring the case.

¶ 6 The trial court granted an uncontested motion for summary judgment in favor of Dr. Murphy on March 6, 2001. Dr. Matulewicz subsequently was dismissed from the suit by stipulation of all the parties. On April 9, 2001, the trial court granted Dr. Farrell's motion to transfer venue from Philadelphia County to Lehigh County. Appellant filed a timely notice of appeal on May 4, 2001.

¶ 7 Appellant raises the following issues for our review:

A. WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN TRANSFERRING VENUE BASED ON *FORUM NON CONVENIENS* TO LEHIGH COUNTY, WHERE:

1. DEFENDANT DID NOT SUSTAIN ITS BURDEN OF PROVING [THAT] TRIAL IN PLAINTIFF'S CHOSEN FORUM WOULD BE VEXATIOUS OR OPPRESSIVE;

2. A CHANGE OF VENUE WAS GRANTED THREE DAYS BEFORE JURY SELECTION;

3. THERE WAS NO EVIDENCE THAT VENUE WAS CHOSEN TO HARASS THE DEFENDANTS?

Appellant's Brief at 4. Appellant argues that under Pennsylvania Rule of Civil Procedure 1106(e), Appellees had to assert a challenge to improper venue by preliminary objections and failed to do so, thereby

waiving the claim. However, Appellees did not seek a transfer of venue on the basis that venue was improper in Philadelphia County, but rather that it was inconvenient, pursuant to Pennsylvania Rule of Civil Procedure 1006(d). The applicable Rule allows parties to raise the issue of inconvenient venue by petition. Pa.R.C.P. 1006(d). The trial court transferred venue for reasons of *forum non conveniens* pursuant to Rule 1006(d), not because Philadelphia County was an improper forum.

■■■■ ¶ 8 A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts. *Mathues v. Tim–Bar Corp.*, 438 Pa.Super. 231, 652 A.2d 349, 351 (1994). A decision to transfer venue will not be reversed unless the trial court abused its discretion. *Id.* A plaintiff's choice of forum is given great weight, and the burden is on the party challenging that choice to show it is improper. *Masel v. Glassman*, 456 Pa.Super. 41, 689 A.2d 314, 316 (1997). "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). A petition to transfer venue on this basis should not be granted unless the party seeking to transfer venue meets its burden of showing that venue in the chosen forum is oppressive or vexatious. *Hoose v. Jefferson Home Health Care, Inc.*, 754 A.2d 1 (Pa.Super.2000), *appeal denied*, 564 Pa. 734, 766 A.2d 1249 (2001); *see also Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 213, 701 A.2d 156, 162 (1997) (explaining that a petition to transfer venue on grounds of *forum non coveniens* should not be granted unless the defendant meets its burden of demonstrating with detailed information on the record that the plaintiff's chosen forum is oppressive or vexatious to him). As this Court stated in *Hoose:*

The defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Hoose*, 754 A.2d at 3 (emphasis omitted). Claims by a defendant that no significant aspect of a case involves the chosen forum, and that another forum would be more convenient, are not the type of record evidence that proves that litigating the case in the chosen forum is oppressive or vexatious. *Id.*, 754 A.2d at 4. There is a vast difference between a finding of inconvenience and one of oppressiveness. *Id.*, 754 A.2d at 5.

■ ¶ 9 Appellant argues that Dr. Farrell did not sustain his burden of proving that trial in Philadelphia County would be oppressive or vexatious. In support of his petition to transfer venue, Dr. Farrell relied on the deposition testimony of Appellant, who stated that all of the witnesses who could testify as to damages were located in Lehigh County. Dr. Farrell also indicated in a sworn affidavit that trial in Philadelphia County would burden his participation in his medical practice in Lehigh County. He testified in a deposition that he would have to travel eighty miles each way between Lehigh County and the site of the trial if the case were heard in Philadelphia County. The commute to

Philadelphia County would take an hour and a half, compared to the twenty minutes for a trip to the courthouse in Lehigh County. The time required for travel would make it necessary for him to stay in Philadelphia County, or at least greatly curtail his ability to see patients in Lehigh County before and after court sessions. He indicated that many of the employees in his office, although not specifically named in his pre-trial memorandum, were potential witnesses and that attending trial in Philadelphia County would lead to a temporary closing of the office.

¶ 10 Dr. Farrell also cited the testimony of Dr. Passman, who testified in a deposition that while the courthouse in Lehigh County was only twenty minutes from his office, Dr. Passman would have to travel two hours each way for trial in Philadelphia. After a review of the record, it is clear that Dr. Farrell presented detailed evidence that it would be oppressive for Appellees and their witnesses to travel to Philadelphia County for trial. We conclude that the trial court did not abuse its discretion when it concluded that venue in Philadelphia County was not merely inconvenient, but was so oppressive as to require transfer of venue.

¶ 11 Appellant next maintains that the timing of the trial court's transfer of venue was an abuse of discretion, in that the case was transferred three days before trial. Appellant cites *Greenfeig v. Seven Springs Farm,* 416 Pa.Super. 580, 611 A.2d 767 (1992), in support of this contention. In *Greenfeig,* the trial court transferred venue *sua sponte* after the jury had been selected and minutes before the trial was to begin. This Court found that the trial court had abused its discretion and reversed. We determined in *Greenfeig* that the transfer of venue was improper in absence of both a petition and evidence that it would be more convenient for the

parties or witnesses to litigate in the new forum. *Greenfeig,* 611 A.2d at 769–70. In contrast, in the present case, Dr. Farrell filed a petition to transfer venue and supported the petition with evidence concerning the convenience of litigating in the potential forums. The other case cited by Appellant in support of her argument on this issue, *Goodman v. Pizzutillo,* 452 Pa.Super. 436, 682 A.2d 363 (1996), involved a dismissal of a case *sua sponte* on the basis of *forum non conveniens* after six years of discovery and pre-trial preparation in the original forum. Both *Greenfeig* and *Goodman* involved *sua sponte* transfers of venue by the trial court and were, therefore, quite different from the circumstances in this case. The trial court in the present case transferred venue in response to a petition several days before the trial was scheduled to begin. We find that the trial court did not abuse its discretion by granting the motion to transfer venue when it did.

¶ 12 Appellant's final contention is that the trial court abused its discretion when it transferred venue because there was no evidence that the choice of forum was designed to harass Appellees. A defendant can support a petition to transfer venue by showing either that a forum is oppressive or, alternatively, that it is vexatious. *See Hoose, supra.* As indicated above, the record supports the trial court's conclusion that venue in Philadelphia County would be oppressive. The trial judge, therefore, had a sufficient basis to transfer venue under the standard set forth in *Cheeseman* and *Hoose.* We therefore affirm the decision of the trial judge to transfer venue to Lehigh County.

¶ 13 Order affirmed.