Rosemarie MATEU, Appellant

v.

Keith STOUT and Valerie Strigle, American Independent Insurance Company a/k/a, t/a, d/b/a American Independent Insurance Company, Inc., Appellee.

Superior Court of Pennsylvania.

Argued Dec. 3, 2002.
Filed March 10, 2003.

---

Robert F. Ferrara, Media, for appellant.

Rae L. Simonini, Philadelphia, for Stout and Strigle, appellees.

Kelly J. Fox, Philadelphia, for American Independent Insurance, appellee.

Before: JOYCE, BENDER and BECK, JJ.

JOYCE, J.

¶ 1 Rosemarie Mateu, Appellant, appeals the April 15, 2002 order of the trial court transferring venue of her personal injury action from Philadelphia County to Delaware County. For the reasons set forth below, we affirm in part, and reverse in part. The relevant facts and procedural history are as follows.

¶ 2 Appellant, a resident of Delaware County, instituted this action in Philadelphia County as a result of an automobile accident that occurred in Delaware County in September of 2000. In March of 2002, prior to conducting any discovery, Appellees, Keith Stout (Stout) and Valerie Strigle (Strigle), filed a petition to transfer venue of the action from Philadelphia County to Delaware County.[1] In their petition to transfer venue, Appellees aver that transfer is warranted because the action would be more conveniently located in Delaware County. Specifically, Appellees aver that Delaware County would provide easier access to sources of proof, to the

---

1. In Appellee's petition to transfer venue, Appellees sought a transfer of venue from Philadelphia County on the basis that venue was improper (pursuant to Pa.R.C.P. 1006(e)) and on the basis that venue was inconvenient (pursuant to Pa.R.C.P. 1006(d)(1)). However, Appellees have waived the issue of improper venue by failing to raise the issue by preliminary objections as mandated by Pa.R.C.P. 1006(e). Therefore, our review is limited to the order of the trial court that transferred venue of the action, for reasons of *forum non conveniens,* pursuant to Pa.R.C.P. 1006(d)(1).

location of both the fact and medical witnesses (including Appellant and Strigle), to the location of medical records, and to the site of the automobile accident.[2]

¶ 3 On March 21, 2002, Appellant filed an answer to Appellee's petition to transfer venue. In her answer, Appellant admits that she and Strigle reside in Delaware County, that the accident occurred in Delaware County, and that American Independent Insurance Company (American), Appellee's codefendant, is located outside of Philadelphia County. Appellant does not specifically respond to the averments that Delaware County would provide easier access to the sources of proof, the fact and medical witnesses, the medical records, and the site of the accident. Instead, Appellant asserts that Appellees failed to develop a detailed factual record in support of their petition to transfer venue. On April 5, 2002, American filed an answer to Appellee's petition to transfer venue. In their answer, American admits all averments contained within the petition.

¶ 4 On April 15, 2002, after consideration of the petition to transfer venue and the answers thereto, and pursuant to Pa. R.C.P. 1006(d)(1), the trial court granted Appellee's petition and venue was transferred from Philadelphia County to Delaware County. Appellant filed a timely appeal as well as a Pa.R.A.P.1925(b) statement.

¶ 5 Appellant raises two issues for our review:

1. Whether the trial court abused its discretion in transferring venue from Philadelphia County to Delaware County when [Appellees] failed to present detailed record evidence that venue in

Philadelphia County was oppressive and vexatious.

2. Whether the trial court committed an error of law by ordering [Appellant] to pay costs to transfer venue from Philadelphia County to Delaware County in contravention to [Pa.R.C.P. 1006(d)(3) ].

Appellant's Brief, at 4.

¶ 6 Our standard of review is clear. A trial court's order to transfer venue will not be reversed unless the trial court abused its discretion. *Borger v. Murphy,* 797 A.2d 309 (Pa.Super.2002). Similarly, a trial court's order on venue will not be disturbed if the order is reasonable after a consideration of the relevant facts of the case. *Id.* Moreover, a petition to transfer venue, based on *forum non conveniens,* should not be granted unless a party has shown that venue in the chosen forum is oppressive or vexatious. *Johns v. First Union Corp.,* 777 A.2d 489 (Pa.Super.2001) (citation omitted). In *Cheeseman v. Lethal Exterminator, Inc.,* 549 Pa. 200, 213, 701 A.2d 156, 162 (1997), our Supreme Court explained that a party may show that the chosen forum is vexatious by establishing that the forum was chosen to harass the party, even at some inconvenience to the party instituting the action. Alternatively, a party may show that the chosen forum is oppressive by establishing that a trial in another county would provide easier access to witnesses, to other evidence, or to the ability to view the site of the automobile accident. *Id.* Our Supreme Court also stressed that a party must show more than mere inconvenience in the chosen forum. *Id.*

¶ 7 Finally, if any proper basis exists for a trial court's decision to transfer venue, the decision of the trial court must

---

**2.** It should be noted that Stout, the driver of the vehicle that collided with Appellant's vehicle, did not contest liability.

not be disturbed. *Deutschbauer v. Barakat*, 814 A.2d 246, 248 (Pa.Super.2002) (citation omitted). Recognizing the broad discretion of the trial court to grant a petition to transfer venue, and both Appellant's and American's admissions to the averments contained within the petition, we review the record to determine if that discretion has been abused.

¶ 8 Appellant cites three recent decisions of this Court in support of their position that the trial court erred in transferring venue. Appellant's Brief, at 10–13. In *Johns, supra* at 490, the appellees filed a petition to transfer venue of a negligence action from Philadelphia County to Bucks County based upon *forum non conveniens.* In their petition, the appellees averred that a transfer of venue was warranted because the appellant's employer is located in Bucks County, the accident occurred in Bucks County, and all of the defendants (with the exception of one) were located within Bucks County. The petition further averred that several witnesses were located in Bucks County. In response, the appellant, who resides in Philadelphia County, listed thirty-six witnesses for whom Philadelphia County would be the more convenient forum. The trial court granted the petition to transfer venue and this Court reversed. This Court found that the appellant brought the action against at least two defendants who regularly conduct business in Philadelphia County, and that the appellee listed only several witnesses who reside in Bucks County in contrast to the numerous witnesses listed by the appellant. This Court therefore held that the appellees did not establish on the record that Philadelphia County would be oppressive.

¶ 9 In *Hoose v. Jefferson Home Health Care, Inc.,* 754 A.2d 1 (Pa.Super.2000), the trial court granted a petition to transfer venue of a medical malpractice action from Philadelphia County to Delaware County. In the petition, the appellee averred that all of the defendants reside in Delaware County and/or Montgomery County, all of the witnesses reside outside of Philadelphia County, all medical treatment was rendered outside of Philadelphia County, and all other sources of proof were located in Delaware County. This Court, in reversing the order of the trial court, noted that the majority of the pre-trial procedures had already been conducted in Philadelphia County and that the appellee had consistently been present in the chosen forum. Moreover, at the request of the appellee, the action had previously been removed to the Eastern District Court located in Philadelphia. Finally, this Court noted that the appellant's response to the petition to transfer venue disputed certain facts contained within the petition.

¶ 10 Similarly, in *Cooper v. Nationwide Insurance Co.,* 761 A.2d 162 (Pa.Super.2000), the appellee filed a petition to transfer venue from Philadelphia County to Luzerne County based on *forum non conveniens.* The appellee averred that none of the parties, witnesses or events occurred/resided in Philadelphia County. However, the appellant, in his response to the petition, averred that all of his medical witnesses reside in or near Philadelphia County, his vocational expert resides in Philadelphia County, all of his medical treatment was rendered in Philadelphia County, and the accident occurred in Pennsauken, New Jersey which is close to Philadelphia County. The trial court granted the petition. This Court reversed the transfer of venue based, in part, on the fact that the evidence of record belied many of the averments contained within the petition.

¶ 11 Finally, we find this Court's decision in *Borger v. Murphy,* 797 A.2d 309 (Pa.Super.2002) to be instructive. This

Court affirmed a transfer of venue of a medical malpractice action from Philadelphia County to Lehigh County. In the petition to transfer venue, the appellee relied on the testimony of the appellant, during deposition, that all of his witnesses resided in Lehigh County and that many of his witnesses, although not identified, worked in Lehigh County. The appellee further asserted that a trial in Philadelphia County would burden his medical practice. This Court found that the appellee presented detailed evidence that venue in Philadelphia County would be oppressive.

■ ¶ 12 In the instant case, the trial court considered many factors in determining that the litigation of this case in Philadelphia County would be oppressive. The automobile accident occurred in Delaware County. Appellant herself, and one of the Appellees, resides in Delaware County. All of the parties, as well as the identified fact witnesses, are located outside of Philadelphia County. Appellant's treating physician is located within Delaware County and all of Appellant's medical treatment was rendered in Delaware County. Also, Appellees were served notice of the action outside of Philadelphia County.

¶ 13 Moreover, the record is devoid of any dispute as to the factors the trial court relied upon in finding that litigation of the action in Philadelphia County would be oppressive. Appellant either admits the facts of record, namely, the facts contained within Appellee's petition, or fails to dispute those facts. Appellant simply asserts that the evidence of record is insufficient to establish that Philadelphia County would be oppressive to Appellees. Absent a denial of the facts of record by Appellant, we must accept the facts as true. These facts establish that all of the parties,

as well as the identified fact witnesses, reside outside of Philadelphia County. In addition, Appellant's medical witness is located within Delaware County and all of her medical treatment was rendered in Delaware County.

¶ 14 After review of the facts of record and the petitions of the parties, we find that the trial court's transfer of venue from Philadelphia County to Delaware County to be reasonable. Litigation of the action in Delaware County would provide easier access to the sources of proof, namely, to the witnesses, to Appellant's own medical expert, Appellant's medical records, as well as to the site of the automobile accident. We find the facts of this case present a proper basis for the trial court's decision to transfer venue. Accordingly, since we do not find an abuse of discretion, we will not disturb the order of the trial court.

■ ¶ 15 Appellant also asserts that the trial court erred by ordering her to pay the costs to transfer venue from Philadelphia County to Delaware County.[3] Appellant's Brief, at 15. We agree. In their petition to transfer venue, Appellees sought a transfer of venue on the basis that venue was inconvenient in Philadelphia County. Similarly, the trial court transferred venue for reasons of *forum non conveniens* pursuant to Pa.R.C.P. 1006(d)(1). The trial court specifically cites Pa.R.C.P. 1006(d)(1) as the rule that governs transfer of venue based upon *forum non conveniens*. Trial Court Opinion, 7/19/02, at 2.

¶ 16 Pa.R.C.P. 1006(d)(3), which governs the payment of costs and fees of the petition to transfer venue and the removal of the record, provides as follows:

**3.** Although Appellant raised this issue in her Pa.R.A.P.1925(b) statement, the trial court did not address the issue. Additionally, Appellees did not address this issue in their brief, and American did not file a brief.

(3) It shall be the duty of the prothonotary of the court in which the action is pending to forward to the prothonotary of the county to which the action is transferred certified copies of the docket entries, process, pleadings, depositions and other papers filed in the action. The costs and fees of the petition for transfer and the removal of the record shall be paid by the petitioner in the first instance to be taxable as costs in the case.

¶ 17 Pa.R.C.P. 1006(d)(3) specifically mandates that the party filing the petition for transfer shall pay all costs and fees of the petition to transfer, and the removal of the record, as costs of the action.[4] Therefore, we reverse the order of the trial court to the extent that it orders Appellant to pay the costs and fees related to the petition to transfer and the removal of the record.

¶ 18 Accordingly, we affirm the April 15, 2002 order of the trial court that transfers venue of the instant action from Philadelphia County to Delaware County. We reverse the order of the trial court that requires Appellant to pay the costs and fees associated with the petition to transfer venue. We therefore direct the trial court to enter an order that requires Appellees to pay the costs and fees related to the petition to transfer venue.

¶ 19 Order affirmed in part, and reversed in part. Jurisdiction relinquished.

---

4. *Compare* Pa.R.C.P. 1006(e) which governs a party's challenge to improper venue. Pursuant to Pa.R.C.P. 1006(e), if a challenge to improper venue is sustained, the plaintiff shall pay the costs and fees for the transfer of the action and the removal of the record.