**McGarrity v. Hard Rock Café International**

*Robert J. Mongeluzzi,* for plaintiffs.
*David S. Wolf, Kurt E. Kramer* and *Robert P. Corbin,* for defendants.

NEW, *J.,* April 6, 2005—This court properly denied defendant's motion to transfer venue based on forum non conveniens because venue is proper in Philadelphia County. Further, this appeal should be quashed as it is interlocutory.

## FACTUAL AND PROCEDURAL HISTORY

James and Elizabeth McGarrity, Lawerence and Madeline Farrell, Joseph and Julia Cottman and John Reid (plaintiffs) initiated an action against Hard Rock International Inc., t/a, Hard Rock Café or Hard Rock Café Pittsburgh and Jeffrey Buckel (Hard Rock defendants) as a result of an altercation that occurred in Pittsburgh, Pennsylvania. Plaintiffs filed suit in Philadelphia County, basing venue on Hard Rock defendants' regularly conducting business in Philadelphia County. After discovery, a new defendant, Kenneth Grayson, was identified and plaintiffs filed a second suit, adding this new defendant. The two cases were then consolidated. Subsequently, Hard Rock defendants filed a writ to join Forest City Station Square and Securitas Security SVC, USA Inc. as additional defendants. As a result of the joinder of the additional defendants, counsel for plaintiffs and Hard Rock defendants agreed to dismiss plaintiffs' original actions and re-file the present lawsuit directly naming all defendants.

In the original action, Hard Rock defendants filed a petition to transfer venue based on forum non conveniens, which was denied by an order dated August 20, 2004. On December 1, 2004, the additional defendants filed an almost identical motion to transfer venue to the Hard Rock defendants' motion to transfer. In an order dated January 31, 2005, this court denied additional defendants' motion to transfer venue based on forum non conveniens. Additional defendants now, without court approval, appeal that interlocutory order.

## LEGAL ANALYSIS

The trial court is vested with discretion when determining whether or not to grant preliminary objections as to venue. *Mathues v. Tim-Bar Corp.,* 438 Pa. Super. 231, 234, 652 A.2d 349, 351 (1994). The decision to transfer a case will not be disturbed absent an abuse of discretion. *Jackson v. Laidlaw Transit Inc.,* 822 A.2d 56 (Pa. Super. 2003). Pennsylvania Rules of Appellate Procedure 311 states the circumstances in which an appeal may be taken as a right.[1] Pa.R.A.P. 311(c) permits appeals to be taken of right from orders changing venue. *Okkerse v. Howe,* 521 Pa. 509, 516, 556 A.2d 827, 831 (1989). The case sub judice does not involve changing of venue, transferring the matter or declining to proceed based on forum non conveniens. Pa.R.A.P. 311(c) is therefore inap-

---

1. Pa.R.A.P. 311(c) states: "Changes of venue, etc. An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles."

plicable. Pa.R.A.P. 311(b)[2] allows for the appeal of orders sustaining venue or personal or in rem jurisdiction. However, forum non conveniens is not mentioned in Pa.R.A.P. 311(b). Contrasted with the specific mention of the doctrine of forum non conveniens in Rule 311(c), such omission appears to be deliberate. *Centerre Bank of Kansas City N.A. v. Arthur Young & Co.,* 348 Pa. Super. 365, 368, 502 A.2d 251, 253 (1985). Absent the inclusion of forum non conveniens as a basis for an appeal as of right, the appealability of an order pursuant to Rule 311(b) is not clear. *Id.* However, even if Rule 311(b) were construed as encompassing the doctrine of forum non conveniens, the fact remains that neither of the requirements of election or certification set forth in subsection (1) and (2) of Rule 311(b) have been met. *Id.* In the case sub judice, additional defendants also do not meet the appeal requirements set out in Pa.R.A.P. 311(b)(1) and (2). Therefore, this appeal is interlocutory and should be quashed.

Wherefore, for the above mentioned reason, this appeal should be quashed.

---

2. Pa.R.A.P. 311(b) states: "Order sustaining venue or personal or in rem jurisdiction. An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:

"(1) the plaintiff, petitioner or other party benefiting from the order files of record within 10 days after the entry of the order an election that the order shall be deemed final; or

"(2) the court states in the order that a substantial issue of venue or jurisdiction is presented."