# Brechbiel v. Redman Homes Inc.

C.P. of Philadelphia County, May Term 2005, no. 3669.

*Alan Starker, Andrew D. Swain, Joseph L. Messa Jr.* and *William Francis Goodrich,* for plaintiffs.

*John Joseph Delany III,* for defendants Redman Homes Inc. and Champion Home Builders.

*Tracey Granger Benson,* for defendant Larry Homes of PA.

*Thomas W. McBride,* for defendant Kiddie, Inc.

McINERNEY, *J.,* August 22, 2006—Defendants Redman Homes Inc., Champion Home Builders Co. and Larry's Homes of PA Inc. appeal this court's orders of February 17, 2006 and February 27, 2006 denying defendants' motions to transfer venue for forum non conveniens.

On October 12, 2003, a fire in a Redman Shadowridge A-147 manufactured home located in Huntingdon County killed all of its occupants. Those persons were Kevin Brechbiel and his companion, Anita P. Mayo; and their five minor children, Dexie, Kayla, Abby, Justin and Jason. Plaintiffs commenced a wrongful death and survival action in the Philadelphia County Court of Common Pleas on May 26, 2005. On August 30, 2005, an amended complaint was filed. The amended complaint alleges that the manufactured home was purchased from defendant Larry's Homes located on Route 522, Beaver Springs, in Snyder County, Pennsylvania, and manufactured by Redman Homes Inc. of Arizona, and Champion

Homes Inc. of Auburn Hills, Michigan. Redman Homes Inc. maintains a regional office in Ephrata, Pennsylvania.[1] Snyder County, Pennsylvania is contiguous with Huntingdon County.

On January 6, 2006, defendants Redman and Champion filed a motion to transfer venue based upon forum non conveniens. On January 20, 2006, defendant Larry's Homes filed its own motion to transfer venue based on forum non conveniens. By order dated February 17, 2006, the trial court denied defendants Redman and Champion's motion to transfer venue. By order dated February 27, 2006, the trial court denied defendant Larry's Homes' motion to transfer venue.

On March 15, 2006, moving defendants filed a joint motion for reconsideration/request for appellate certification of the trial court's refusal to transfer venue. We denied the motion. Moving defendants then filed a petition for review in the Superior Court requesting the court to hold that the trial court erred when it refused to certify for appeal the orders of February 17, 2006 and February 27, 2006. On June 29, 2006, the Superior Court granted defendants' petition for review pursuant to Pa.R.A.P. 123 and the instant appeal was filed.

This court properly denied the motion to transfer venue for forum non conveniens because defendants failed to establish that the plaintiffs' chosen forum was oppressive or vexatious. Petitioners contend that evidence available in or near Huntingdon County includes the Brechbiel home, its utility hookups and evidence related to the home's compliance with building codes. In addition, petitioners allege that the vast majority of witnesses live in

---

1. An additional defendant is Kidde Inc. d/b/a Kidde Incorporated a/k/a Kidde and Kidde Supply.

or near Huntingdon County, including anyone involved in the delivery, installation, servicing or testing of the alleged defective furnace and oil burner suspected of causing the plaintiffs' asphyxiation and, in addition, Harry Kamerow M.D., the pathologist of Blair Memorial Hospital, who conducted the autopsy; the 911 emergency staff; volunteer firemen and ambulances that fought the fire; and staff at the J.C. Blair Memorial Hospital.

However, contrary to petitioners' assertions, many of the medical, fire and police witnesses mentioned by defendants as inconvenienced have agreed to appear in Philadelphia. In addition, affidavits from plaintiffs Ruth Brechbiel and Susan Brechbiel, mother and sister respectively of decedent Kevin Brechbiel, who discovered the bodies; Edwin Brechbiel, Duane Brechbiel and Constance C. Mayo-Collier attest to their willingness to appear in Philadelphia. Other affidavits of potential witnesses also attested to their willingness to appear in Philadelphia, including Calvin Anderson, uncle of Anita Mayo; Ronald Morder, deputy coroner of Huntingdon County who was involved in the autopsies of the deceased; Dan Long, pastor of the Calvary Independent Baptist Church; and Daniel Sneath, Pennsylvania State Police criminal investigator.

Petitioners' evidence, affidavits of inconvenience from three former employees of Larry's Homes, who would allegedly be needed to supplement records because defendant went out of business in 2001 or 2002, and one from the pathologist Harry Kamerow M.D. are insufficient to meet their burden.

In arguing for a change of venue the defendants are ignoring the fact that the products liability case against

the defendant manufacturers and their agents primarily involves the defective design of the mobile home, the toxic materials utilized in its manufacture, and the installation of allegedly defectively designed smoke detectors manufactured by defendant Kidde. Plaintiffs will require testimony from defendant manufacturer witnesses who will be coming from many parts of the country, including Michigan, North Carolina, and Arizona, as well as experts who will be traveling from Colorado, Rhode Island and Kentucky. Holding trial in Philadelphia, a major metropolitan area, will actually make it easier to arrange travel plans and allow for less inconvenience and shorter stays for the majority of witnesses.

The cases defendants cite in support of their request are distinguishable. In *Dulaney v. Consolidated Rail Corporation,* 715 A.2d 1217 (Pa. Super. 1998), the court allowed a transfer from Philadelphia to Pittsburgh where all the plaintiff's witnesses, including his medical provider and co-workers, as well as all defendant's witnesses were located in Ohio, West Virginia and Western Pennsylvania. That is not at all the situation we have here. Defendant also cited to *Borger v. Murphy,* 797 A.2d 309, 312 (Pa. Super. 2002), a medical malpractice claim brought in Philadelphia against Lehigh County doctors. In *Borger,* the alleged tort occurred in Lehigh County and the court accommodated the needs of the doctors in transfering that case. However, that issue has since been addressed by our Supreme Court Rules and the Pennsylvania Legislature. On March 20, 2002, the Medical Care Availability and Reduction of Error Act took effect. Section 514(a) of the Act limits venue to the location of the alleged negligent medical care, no such requirement applies in this case.

Defendants' arguments simply do not reach the high burden established in *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 212, 701 A.2d 156, 162 (1997) "[T]his court's intent [is] that the plaintiff's choice of forum should rarely be disturbed by the grant of a Rule 1006(d)(1) petition."

Rather than travel hours to Huntington County, the greater number of witnesses likely to be called by both sides will not be unduly inconvenienced by traveling to Philadelphia County. Plaintiffs' choice of Philadelphia County is not vexatious or oppressive under the facts of this particular case and it was not an abuse of discretion to deny the motion.

For all of the foregoing reasons, this court's decision should be affirmed.