**Soto v. Pennsylvania State Univ.**

*Michael J. McCaney Jr.* and *Robert Michael McKain,* for plaintiff.

*James J. Donohue* and *Eileen E. Monaghan,* for defendant Penn State University.

*Patrick Charles Lamb* and *Zachary Robert Magid,* for defendant Advisory Board of the Schuylkill Campus of the Penn State University.

TERESHKO, *J.,* August 5, 2011—Plaintiff, Brittany Soto, appeals an order dated May 23, 2011, wherein the lower court granted defendants, The Pennsylvania State University and the Advisory Board of the Schuylkill Campus of the Pennsylvania State University's motion to transfer venue to Schuylkill County.

## FACTUAL BACKGROUND

Brittany Soto (hereinafter "plaintiff"), a New York resident, enrolled at Pennsylvania State's Schuylkill Campus in Schuylkill County, Pennsylvania in the fall of 2008. (Complaint ¶9). Pennsylvania State University

(hereinafter "PSU") and the Advisory Board of the Schuylkill Campus of the Pennsylvania State University (hereinafter "Advisory Board") are both Pennsylvania corporations. (Complaint ¶¶ 2,3). PSU has its principal place of business at 208 Old Main, University Park, Pennsylvania. (Complaint ¶ 2) while defendant Advisory Board has a principle place of business at 200 University Drive, Schuylkill Haven, PA 17972. When plaintiff enrolled at PSU's Schuylkill Campus for the fall semester of 2008, she was assigned to live in a dormitory complex owned by the advisory board and operated and maintained by PSU. (Complaint ¶¶8, 10). Specifically, plaintiff was assigned to live with five (5) other students on the third floor of Nittany Apartments II, 211 University Drive, Schuylkill Haven, Pennsylvania. (Complaint ¶¶ 10, 11). PSU provided the students a GE Hotpoint electric stove to use throughout the year. (Complaint ¶ 11).

On September 2, 2008, plaintiff was preparing dinner on the stove provided for her by PSU at her apartment. (Complaint ¶ 13). Plaintiff turned on the stove burner and set it to "low" setting. (Complaint ¶ 14). After pouring approximately five (5) millimeters of oil into an eleven (11) inch high pot, plaintiff put the pot on the stove burner to heat the oil. (Complaint ¶ 14). A short time later, plaintiff removed the pot from the hot burner. (Complaint ¶ 15). When plaintiff grabbed the two handles of the pot, the oil spewed out from the bottom of the pot onto plaintiff, causing injury to plaintiff. (Complaint ¶ 16). Plaintiff suffered burns on her right arm and right leg which required medical attention. (Complaint ¶ 20).

The complaint was filed December 3, 2010. The

complaint alleges that the electric stove provided by defendants was dangerous, unsafe, and in a hazardous condition that allowed the stove to become extremely hot despite the low temperature setting. (Complaint ¶12). The complaint further alleges that PSU and the advisory board were negligent in their ownership and maintenance of the stove. (Complaint ¶ 19).

On April 14, 2011, defendant PSU filed a petition to transfer venue on the basis of forum non conveniens. Defendant PSU stated the standard for forum non conveniens and argued that it had been satisfied. (Defendant PSU Petition to Transfer Venue pg. 13).

Plaintiff opposed the Petition to Transfer Venue on May 5, 2011 arguing defendants cannot prove that plaintiff chose Philadelphia County to harass or to impose an unreasonable burden on the defendant. (Memorandum in opposition to transfer of venue, pg. 4). Plaintiff further stated that defendant PSU's history as a party to suit in Philadelphia Country refutes the claim that it would be an unreasonable burden to litigate in Philadelphia County. (Memorandum in opposition to transfer of venue, pg. 6).

On May 10, 2011, defendant PSU filed a memorandum in support of their petition to transfer venue on the basis of forum non conveniens. Defendant PSU made two assertions in their memorandum. First, PSU argued that plaintiff used an inappropriate standard to maintain venue in Philadelphia County. (Defendant PSU's reply pg. 1). Defendant PSU argued that plaintiff ignored the issue of whether venue in Philadelphia County was oppressive and vexatious to PSU, rather plaintiff limited

her argument to why venue in Philadelphia County would be convenient for her. (Defendant PSU's reply pg. 3-4). Second, defendant PSU affirmatively argued that venue in Philadelphia County is oppressive and vexatious to PSU and provided the necessary support for their position. (Defendant PSU's reply pg. 4). PSU first established that the incident occurred in Schuylkill County. Second, PSU secured an affidavit from Michael Russell, the electrician who inspected the stove which injured the plaintiff. (PSU's memorandum in support of transfer pg. 13). Third, PSU also secured an affidavit from Jerry Cresswell, Facilities Manager and Assistant Director of Business Services assigned to Penn State's Schuylkill campus. (PSU's memorandum in support of transfer pg. 14). Fourth, two Penn State police officers who responded to plaintiff on the night of the incident also provided depositions. (PSU's memorandum in support of transfer pg. 14). PSU further indicated that each potential witness lives and works in Schuylkill County and trial in Philadelphia would require each witness to miss time from work to attend trial. (PSU's memorandum in support of transfer pg. 15).

Defendant advisory board filed their motion in support of PSU's petition to transfer venue on the basis of forum non conveniens on May 17, 2011. In the memorandum, advisory board joined PSU's memorandum in support of petition to transfer. (Advisory Board Memorandum in support of petition to transfer p. 3). This court granted defendants' petition on May 23, 2011. Plaintiff filed her notice of appeal on June 7, 2011, and filed her statement of matters complained of on appeal on June 23, 2011.

The sole issue to be addressed by this court is whether the lower court abused its discretion or committed an error of law in granting defendants' motion to transfer venue to Schuylkill County where the appropriate supporting evidence shows venue in Philadelphia County is oppressive and vexatious to defendants.

## LEGAL ANALYSIS

In forum non conveniens cases, the standard of review is abuse of discretion. *Johnson v. Henkels & McCoy, Inc.*, 707 A.2d 237 (Pa. Super. 1997)(citing *Keuther v. Snyder*, 444 Pa. Super. 468, 664 A.2d 168 (1995)). Pennsylvania Rules of Civil Procedure 1006(d) allows the trial judge to transfer any action to an appropriate court in any county where the action could originally have been brought. In Pennsylvania, an action against a corporation may be brought in the county where the cause of action arose. Pa.R.C.P. 2179(a)(3). Because the alleged negligence in this case occurred at Nittany Apartments II, 211 University Drive, Schuylkill Haven, Pennsylvania, which is in Schuylkill County, and defendants are Pennsylvania corporations, venue would be proper in Schuylkill County.

The trial court is given considerable discretion in granting change of venue based on forum non conveniens. *Johns v. First Union Corp.*, 777 A.2d 489 (Pa. Super. 2001). The trial court abuses its discretion only when it "misapplies the law or exercises its judgment in a manner that is manifestly unreasonable or the result of bias, prejudice, or ill will." *Id.*

The standard for transfer of venue based on forum non

conveniens was established in the Pennsylvania Supreme Court case *Cheeseman v. Lethal Exterminator, Inc.* 549 Pa. 200, 701 A.2d 156 (1997). The court ruled that the public/private balancing test that had previously been applied should be replaced with an oppressive or vexatious test. The court stated, "A petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Id.* at 162. The defendant can also support this burden by showing that "trial in another county would provide easier access to witnesses or other sources of proof, or to provide the ability to conduct a view of premises involved in the dispute." *Wood v. E.I. du Pont de Nemours and Co.,* 829 A.2d 707, 712 (Pa. Super. 2003). In *Wood,* a delivery man brought a claim against the defendant when he tripped and fell in a hole while making a delivery at the defendant's plant in Bradford County, Pa. *Id.* at 709. The plaintiff, a resident of Delaware, served the defendant in Philadelphia County because the defendant had a registered agent for service of process in Philadelphia County. *Id.*

The Superior Court stated that transfer was appropriate in the case. First, the court said that an alternative forum was available to the plaintiff. *Id.* at 712. Next, the court stated that, given the detailed information provided by the defendant, a trial in Philadelphia County would be oppressive. The defendant provided the court with names and addresses of potential witnesses, all of whom resided in Bradford County. *Id.* The court determined that the distance that potential witnesses had to travel was oppressive to the defendant. *Id.* at 713. Bradford County

is approximately 170 miles from Philadelphia County, and trial in Bradford County would provide greater access to these individuals who may not able to travel to Philadelphia County. *Id.* The court also cited potential monetary costs incurred by the witnesses as justification for transfer to Bradford County. *Id.* Additionally, the court stated that a view of the accident site could assist the jury's deliberations and busing the jurors 170 miles to the accident site would be an unnecessary burden on them, as well as an unneeded cost on the court. *Id.*

The relevant case law clearly shows that PSU has met its burden to transfer venue based on forum non conveniens[1]. Like *Wood,* PSU has provided detailed information on the record as to why venue in Philadelphia County would oppressive or vexatious. Defendants in both cases provided a list of named witnesses that are material to the case and how trial in Philadelphia County would be oppressive to each of them. Michael Russell, Penn State-Schuylkill campus's electrician, is the only electrician at Penn State Schuylkill's campus. Mr. Russell works on campus more than forty (40) hours per week and if this case remained in Philadelphia County, PSU's lone electrician for Schuylkill campus would be forced to be absent from work. Jerry Cresswell, Penn State-Schuylkill campus's facilities manager, supervises the maintenance and repair of all campus housing and buildings at the Schuylkill Campus. Mr. Cresswell also supervises employees in the Business Services Department from time to time. Finally, Mr. Cresswell is the sole supervisor assigned to the Physical

---

1. Because defendant advisory board has joined PSU's petition for transfer of venue based on forum non conveniens, the foregoing analysis also applies to advisory board.

Plant Department at the Schuylkill Campus. Given Mr. Cresswell's professional responsibilities, requiring him to be absent from his work at PSU for multiple days to attend a trial in Philadelphia County would create a hardship for Schuylkill campus students, staff, and faculty. Finally, requiring two Penn State officers who reported to the scene -- Amy Newton and Dolores Maler -- to travel more than 100 miles from Schuylkill County to Philadelphia County is also oppressive to PSU. Ms. Newton and Ms. Maler are responsible for the safety and security of Penn State-Schuylkill students.

Moreover, Pennsylvania courts have routinely permitted petitions for transfer of venue based on forum non conveniens where similar facts exist. *Mateu v. Stout*, 2003 Pa. Super. 93, 819 A.2d 563 (transfer from Philadelphia County to Delaware County is appropriate when accident, witnesses, and medical treatment occurred in Delaware County); *Borger v. Murphy*, 2002 Pa. Super. 91, 797 A.2d 309 (court transferred action from Philadelphia County to Lehigh County because defendant took depositions that stated his witnesses resided and worked in Lehigh County and trial in Philadelphia County would burden defendant's business).

Plaintiff, in opposition, claims defendants have not established that Philadelphia County would be oppressive or vexatious. Plaintiff first cites to prior court appearances by PSU in Philadelphia County. However, as PSU stated in its Reply in Further Support of PSU's Petition for Transfer, there is no legal support for the proposition that court appearances demonstrate that a particular forum is convenient for a party. Rather, it may properly support

the claim of appropriate venue, which is not at issue here. Further, as PSU also identified in their reply, a number of cases in which PSU was a defendant were transferred to different counties. (PSU Reply to Motion to Transfer pg. 3).

Next, plaintiff argues that she will call a number of witnesses during trial who are flying into Philadelphia International Airport to testify on her behalf. This is irrelevant to the issue of forum non conveniens because courts do not consider plaintiff witnesses when determining the oppressive nature of a chosen forum. See *Raymond v. Park Terrace Apartments, Inc.*, 2005 Pa. Super. 298, 882 A.2d 518 ("The location and convenience of the plaintiff's witnesses is generally immaterial to the central question of whether the chosen forum is oppressive to the defendant."). While plaintiff expressly denies that Philadelphia County is an inconvenient forum, plaintiff fails to materially contradict defendant's proof that it is an inconvenient forum. Plaintiff's sole reason for keeping the case at hand in Philadelphia County is due to the fact that she plans to call witnesses from the area which are convenient to her. But, as Raymond states, location of plaintiff's witnesses is irrelevant when considering a motion to transfer based on forum non conveniens.

## CONCLUSION

For the foregoing reasons, this court believes that the motion for transfer of venue to Schuylkill County was properly granted, and respectfully requests that the decision be affirmed.