J-A05026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WALTER AND CYNTHIA CAPPER, H/W, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| SHARMA EQUITY, L.L.C., D/B/A BRILL & SHARMA EQUITY, L.L.C., AND HAMILTON TOWERS AND BALDEV SHARMA, D/B/A HAMILTON TOWERS AND SUDESH SHARMA, D/B/A HAMILTON TOWERS AND BRANDYWINE ELEVATOR COMPANY, INC., | |
| Appellees | No. 1699 EDA 2014 |

Appeal from the Order entered May 12, 2014,
in the Court of Common Pleas of Philadelphia County,
Civil Division, at No(s): 130201054

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED FEBRUARY 24, 2015**

Spouses Walter and Cynthia Capper, ("Mr. Capper," or collectively, "Appellants"), appeal from the trial court's order granting the motion of Sharma Equity, L.L.C., d/b/a Brill & Sharma Equity, L.L.C., and Hamilton Towers and Baldev Sharma, d/b/a Hamilton Towers and Sudesh Sharma, d/b/a Hamilton Towers and Brandywine Elevator Company, Inc. (collectively "Sharma"), and transferring venue from Philadelphia County to Lehigh County.  We affirm.

The trial court summarized the factual and procedural posture of this case as follows:

[Appellants] allege that [Mr. Capper] sustained injuries when he tripped and fell while exiting an elevator on the first floor of [Sharma's] premises on June 14, 2011. The elevator is located in the Hamilton Towers in Allentown, Lehigh County, Pennsylvania. [Appellants] allege that [Mr. Capper] tripped because the elevator stopped and opened "at a point where the floor of the elevator was significantly below the surface of the first floor." None of the parties or witnesses, including [Appellants], are residents of Philadelphia County. Witness Rosemary Achey resides in Catasauqua, Lehigh County. Pennsylvania. Witness James Darcy resides in Allentown, Lehigh County, Pennsylvania. Witness Michael O'Brien resides in Schnecksville, Lehigh County, Pennsylvania. Witness Margaret Perkowski resides in Walnutport, Northampton County, Pennsylvania, which is about 74 miles from the Philadelphia County Court of Common Pleas and only 14 miles from the Lehigh County Court of Common Pleas.

On April 7, 2014, [and April 23, 2014] [Sharma] filed … motion[s] to transfer venue to Lehigh County. [] On April 28, 2014, [Appellants] filed an Answer to [Sharma's] motion to transfer venue. On May 12, 2014, the Court granted [Sharma's] motion to transfer the case to the Lehigh County Court of Common Pleas. [Appellants] timely appealed.

Trial Court Opinion, 5/12/14, at 1-2 (unnumbered) (footnotes omitted).

Appellants present a single issue for our review:

Did the trial court abuse its discretion in transferring this matter on the basis of *forum non conveniens* from the Philadelphia County Court of Common Pleas to the Lehigh County Court of Common Pleas where the detailed facts of record do not establish [that] a single deposed witness has testified that traveling to Philadelphia as opposed to Allentown presents any inconvenience, where there is no justification to view the premises in issue, and where there [are] no facts of record which demonstrate that [A]ppellants' choice of forum is oppressive or vexatious[?]

Appellants' Brief at 4.

Pennsylvania Rule of Civil Procedure Rule 1006 governs venue transfers and provides in pertinent part:

> For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.C.P. 1006(d)(1). We acknowledge that, as the plaintiffs, Appellants' forum choice should be "rarely … disturbed," is entitled to great weight, and must be given deference by the trial court. **Wood v. E.I. du Pont de Nemours & Co.**, 829 A.2d 707, 711 (Pa. Super. 2003). Nevertheless, "a plaintiff's choice of venue is not absolute or unassailable." **Connor v. Crozer Keystone Health Sys.**, 832 A.2d 1112, 1116 (Pa. Super. 2003) (internal citation omitted).

We review a trial court's order transferring venue due to *forum non conveniens* for an abuse of discretion. **Walls v. Phoenix Ins. Co.**, 979 A.2d 847, 850 n.3 (Pa. Super. 2009) (internal citation and quotation marks omitted). We will uphold a trial court's order transferring venue based on forum *non conveniens* "[i]f there exists any proper basis" for the trial court's determination. **Connor,** 832 A.2d at 1116 (Pa. Super. 2003) (internal citation omitted). "[A] trial court's order on venue will not be disturbed if the order is reasonable after a consideration of the relevant facts of the case." **See Mateu v. Stout**, 819 A.2d 563, 565 (Pa. Super. 2003).

Instantly, in transferring this action to Lehigh County from Philadelphia County, the trial court reasoned:

In *Cheeseman v. Lethal Exterminator, Inc.*, the Supreme Court of Pennsylvania stated that a petition to transfer venue may be granted if the defendant provides detailed information on the record that the plaintiff's chosen forum is oppressive or vexatious to the defendant. [FN16: 701 A.2d 156, 162 (Pa. 1997)] "[T]he defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute." [FN17: *Id.*]

The elevator in the current dispute is located in Allentown, Lehigh County, Pennsylvania. A jury view of the elevator could provide a visual of the area surrounding [Mr. Capper's] alleged trip and fall. Likewise, three witnesses expected to testify live in Lehigh County and a fourth resides in Northampton County, only 14 miles from the Lehigh County Court of Common Pleas.

Trial Court Opinion, 5/12/14, at 2-3 (unnumbered) (citations to the record and additional footnotes omitted).

In a recent opinion "to clarify the requirements for transfers based on *forum non conveniens* as expressed in **Cheeseman**," our Supreme Court stated:

*Cheeseman* was not intended to increase the level of oppressiveness or vexatiousness a defendant must show; rather, understood in its articulated context, *Cheeseman* merely corrected the practice that developed in the lower courts of giving excessive weight to "public interest" factors when ruling on a *forum non conveniens* motion. Whatever public interest factors exist, they are not determinative; they are only a factor insofar as they bear directly on the ultimate test. And while Rule 1006(d)(1) on its face allows transfer based on "the convenience of the parties[,]" Pa.R.C.P. 1006(d)(1), convenience or the lack thereof is not the test our case law has established: the moving party must show the chosen forum is either oppressive or vexatious.

**Bratic v. Rubendall**, 99 A.3d 1, 6; 7-8 (Pa. 2014) (some internal citations

omitted).

In its analysis, our Supreme Court further explained:

Turning to the instant matter, we find the trial court's proper consideration of the totality of the evidence justified the order to transfer the case. Trial courts are vested with considerable discretion when ruling on such a motion, and "[i]f there exists any proper basis for the trial court's decision to transfer venue, the decision must stand." *Zappala,* at 1284 (citation omitted). The Superior Court's stringent examination in isolation of each individual fact mentioned by the trial court was inconsistent with the applicable standard of review; a ruling on a motion to transfer must be affirmed on appeal "[i]f there exists any proper basis for the trial court's decision[.]" *Id.* (citation omitted).

\*\*\*

If we consider only appellants' seven affidavits [supporting appellants' argument for *forum non conveniens*], there "exists a [ ] proper basis for the ... transfer[.]" *Zappala,* at 1284 (citation omitted). It cannot be said the trial court misapplied the law or failed to hold appellants to their proper burden to establish oppression. *Cf. Catagnus,* at 1264 ("[T]he trial court's failure to hold the defendant to the proper burden constitutes an abuse of discretion." (citation omitted)). While typically the "fact that the site of the precipitating event was outside of plaintiff's choice of forum is not dispositive[,]" *Walls,* at 852 (citations omitted), it is axiomatic that "when the case involves a transfer from Philadelphia to a more distant county ..., factors such as the burden of travel, time out of the office, disruption to business operations, and the greater difficulty involved in obtaining witnesses and sources of proof are more significant[.]" *Bratic,* at 505 (Gantman, J., dissenting) (internal citations omitted).

The affidavits here, of course, employed nearly identical language, as the factual basis for each is nearly identical—the oppressiveness of trial 100 miles away, which is manifestly troublesome. The trial judge need not be told like a child how the distance in and of itself makes things more disagreeable and disruptive to the persons obliged to travel. Nor is it a secret

requiring iteration that trial in Dauphin County would provide easier access to local appellants and their local witnesses, as well as the relevant court documents on which the very case is based. Further, given the witnesses' respective job titles, we cannot agree with the Superior Court that the affidavits were insufficient to enable the trial court to intuit the professional oppressiveness, more than inconvenience, that is patent therein.

*** 

[] As between Philadelphia and adjoining Bucks County, the situation in *Cheeseman,* we speak of mere inconvenience; as between Philadelphia and counties 100 miles away, simple inconvenience fades in the mirror and we near oppressiveness with every milepost of the turnpike and Schuylkill Expressway.

We reaffirm the *Cheeseman* standard, but hold the showing of oppression needed for a judge to exercise discretion in favor of granting a *forum non conveniens* motion is not as severe as suggested by the Superior Court's post-*Cheeseman* cases. Mere inconvenience remains insufficient, but there is no burden to show near-draconian consequences. Although the Superior Court may have reached a conclusion different than the trial court, this does not justify disturbing the ruling; the Superior Court effectively substituted its judgment for that of the trial court, which it may not do. The facts of record allow the finding that trial in Philadelphia would be more than merely inconvenient. As there was clearly a proper evidentiary basis for this conclusion, the trial court did not abuse its discretion in granting the motion transferring the case to Dauphin County.

**Bratic, supra,** at 8-10 (internal footnote omitted).

Here, based on our review of the record and consonant with **Bratic**, we find no abuse of discretion by the trial court in transferring venue from Philadelphia County to Lehigh County. The trial court appropriately considered the totality of the record evidence in support of Sharma's argument of forum *non conveniens,* including the residency of various witnesses, and the proximity of the Lehigh County Court of Common Pleas to

the premises where Mr. Capper fell. Finding that there was a proper evidentiary basis for the trial court's order transferring venue, we affirm. *See Mateu,* 819 A.2d at 567 (finding that "the facts … present a proper basis for the trial court's decision to transfer venue" where the new venue "would provide easier access to the sources of proof, namely, to the witnesses").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2015