George STONER, Appellant,

v.

PENN KLEEN, INC., K.E.W. Industries Limited, Penn Kleen Ex–Its, INC., Nilfisk–Advance, Inc., Nilfisk–Alto Cleaning Systems, Inc., Alto Cleaning Systems, Inc., Nilfisk–Advance Group, Nilfisk–Alto, En Division Af Nilfi And K.E.W. Industri A/S, Appellee.

Superior Court of Pennsylvania.

Argued Aug. 7, 2012.

Filed Oct. 5, 2012.

Reargument Denied Dec. 6, 2012.

Daniel L. Hessel, Philadelphia, for appellant.

Carl D. Buchholz, III, Philadelphia, for Nilfisk–Advance, appellee.

John J. Hare, Philadelphia, for Penn Kleen, appellee.

BEFORE: SHOGAN, J., LAZARUS, J., and PLATT, J.*

OPINION BY LAZARUS, J.

George Stoner appeals from the order entered in the Court of Common Pleas of Philadelphia County granting Penn Kleen, Inc.'s petition to transfer venue on the grounds of *forum non conveniens* pursuant to Pa.R.C.P. 1006(d)(1). We affirm.

The relevant facts and procedural history are as follows:

This case arises from a March 16, 2010, accident occurring at [Stoner's] place of employment, Swopes Salvage Yard, in East Berlin, Adams County, Pennsylvania. [Stoner] was injured by an explosion which occurred during the course of his disassembly of a pressure washer, alleged[ly] sold to Swopes by moving Defendant Penn Kleen.

Defendant Penn Kleen has its principle place of business in York County, Pennsylvania. Defendant Alto Cleaning Systems is located in North Carolina. The Nilfisk Defendants are located in Minnesota, Arizona and Denmark. The K.E.W. Defendants are located in Denmark.

The availability of venue in Philadelphia is not disputed.

Defendant, Penn Kleen, Inc., moved for transfer of the case from Philadelphia to Adams County, or in the alternative, its home County of York, for *forum non conveniens*, pursuant to [Pa.R.C.P.] 1006(d)(1). [Stoner] filed a timely response to the motion. Responses were also filed by the Nilfisk Defendants. The parties also filed various replies and sur replies.

After considering the filings of the parties and the evidence of record, [the trial court] granted the motion to transfer for *forum non conveniens*, and transferred the matter to the Court of Common Pleas [of] Adams County by Order dated November 16, 2011.

Trial Court Opinion, 2/27/12, at 1–2. Stoner filed a timely appeal and timely statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Stoner raises two issues for our review: [1]

1. Did Defendant Penn Kleen meet its burden of establishing with detailed information of record that litigating this

---

* Retired Senior Judge assigned to the Superior Court.

1. We instruct Stoner's counsel to comply with the "Form of papers" requirements of the Rules of Appellate procedure in any future appeals. *See* Pa.R.A.P. 124(a)(4) (lettering in argument of brief "shall be on only one side of page").

case in Philadelphia County is oppressive to Penn Kleen, when it relied on self-serving affidavits and ignored the fact that much of [Stoner's] medical treatment took place in Philadelphia County?

2. Did the trial court err in transferring this case out of Philadelphia County, based solely upon the alleged hardship of a single defendant[ ] (Penn Kleen), where the other four defendants (located out-of-state) *conceded* Philadelphia County was not an oppressive venue, and further, where transferring this case to Adams County will actually result in greater oppression to the five other defendants involved in this case?

Brief of Appellant, at 3.

 Each of Stoner's issues challenges the trial court's transfer of venue on the basis of *forum non conveniens.*

In an appeal from an order transferring venue on the basis of *forum non conveniens,* our standard of review is "whether the trial court committed an abuse of discretion." *Catagnus v. Allstate Ins. Co.,* 864 A.2d 1259, 1263 (Pa.Super.2004).

If there exists any proper basis for the trial court's decision to transfer venue [pursuant to Pa.R.C.P. 1006(d)(1) ], the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record.

*Zappala v. Brandolini Property Management,* 589 Pa. 516, 909 A.2d 1272, 1284 (2006).

*Bratic v. Rubendall,* 43 A.3d 497, 499 (Pa.Super.2012).

 Pennsylvania Rule of Civil Procedure 1006(d)(1), governing transfer of venue between counties, provides: "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). In applying Rule 1006(d), the trial court "must give deference to the plaintiff's choice of forum in ruling on a petition to transfer venue." *Bratic, supra* at 500 (emphasis removed).

[A] petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant.

[T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Id.* (quoting *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 701 A.2d 156, 162 (1997) (emphasis removed)).

In *Borger v. Murphy,* 797 A.2d 309 (Pa.Super.2002), this Court considered whether a trial court's decision to transfer venue from Philadelphia to Lehigh County was proper in light of the standard set forth by the Pennsylvania Supreme Court

in *Cheeseman, supra. Borger* involved a medical patient whose physicians failed to correctly diagnose and treat his melanoma.[2] The patient subsequently instituted a medical malpractice action against four of his treating physicians by filing a writ of summons in Philadelphia County, where two of the physicians resided. In response, one of the non-resident physicians filed a petition to transfer venue, arguing that venue in Philadelphia was oppressive and vexatious.

> In support of his petition to transfer venue, [the physician] relied on the deposition testimony of [the patient], who stated that all of the witnesses who could testify as to damages were located in Lehigh County. [The physician] also indicated in a sworn affidavit that trial in Philadelphia County would burden his participation in his medical practice in Lehigh County. He testified in a deposition that he would have to travel eighty miles each way between Lehigh County and the site of the trial if the case were heard in Philadelphia County. The commute to Philadelphia County would take an hour and a half, compared to the twenty minutes for a trip to the courthouse in Lehigh County. The time required for travel would make it necessary for him to stay in Philadelphia County, or at least greatly curtail his ability to see patients in Lehigh County before and after court sessions. He indicated that many of the employees in his office, although not specifically named in his pre-trial memorandum, were potential witnesses and that attending trial in Philadelphia County would lead to a temporary closing of the office.

*Borger, supra* at 312–13. Based on this evidence, we concluded the physician "presented detailed evidence that it would be oppressive for [defendants] and their witnesses to travel to Philadelphia County for trial" and that the trial court, therefore, did not abuse its discretion in transferring the case to Lehigh County. *Id.* at 313.

In the instant case, as in *Borger,* Penn Kleen has alleged facts that establish venue in Philadelphia would be oppressive and vexatious to itself and to its essential witnesses at trial. First, Penn Kleen averred that each of the fact witnesses was located in Adams County, where the accident took place, and that the employees of Penn Kleen work and reside only in York County. Second, Penn Kleen presented affidavits and other submissions which established that venue in Philadelphia would not merely be inconvenient to itself and the witnesses, but that it was a substantial burden.

Specifically, Penn Kleen submitted an affidavit from Robert Portner, the President of Penn Kleen, who stated that venue in Philadelphia County would cause him to have to shut down the business during the course of the trial, resulting in loss of income. These statements were corroborated by the affidavits of three Penn Kleen employees, who determined that travel to Philadelphia would take in excess of three-and-a-half hours, involve at least 200 roundtrip miles, and impose significant costs. At the same time, these employees noted that travel to Adams County would involve only 31 to 75 miles' travel, and would not involve the same tolls or parking fees. Thus, we conclude that Penn Kleen presented sufficient evidence that it would be oppressive and vexatious for Penn Kleen and its witnesses to travel to Phila-

2. Since *Borger* was decided, the Pennsylvania Supreme Court amended the Rules of Civil Procedure to require that a medical malprac-tice action be brought only in a county in which the cause of action arose. *See* Pa. R.C.P. 1006(a.1).

delphia, and that the trial court did not abuse its discretion in transferring venue to Adams County. *See Bratic, supra.*

Order affirmed.