J-A06030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LARRY A. LYTLE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CONSOLIDATED RAIL CORPORATION AND NORFOLK SOUTHERN RAILWAY COMPANY | |
| | No. 1952 EDA 2014 |

Appeal from the Order Entered June 3, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): April Term, 2013 No. 04215

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 24, 2015**

Larry A. Lytle appeals from the order entered June 3, 2014, in the Court of Common Pleas of Philadelphia County, transferring the action to Blair County pursuant to *forum non conveniens*.  In this timely appeal, Lytle argues the trial court erred as a matter of law or manifestly abused its discretion in determining his choice of venue was oppressive and vexatious to Defendants Consolidated Rail Corporation and Norfolk Southern Railway Company (collectively "Conrail"). After a thorough review of the submissions by the parties, the relevant law, and the certified record, we affirm on the basis of the sound reasoning of the trial judge, the Honorable Mark I. Bernstein.

Briefly, Lytle worked for Conrail for more than 30 years, during which time he claims he was exposed to dangerous chemicals and toxins, all or some of which caused him to contract colorectal and liver cancer. At all times relevant to this matter, Lytle worked in Blair County and never worked in Philadelphia County. All known medical providers to Lytle are from Blair County. Fact witnesses from Conrail are all from Blair County or adjoining counties. Additionally, certain Conrail employees who are expected to testify and attend the trial are subject to 24-hour-a-day call, which would be impossible to maintain if the trial took place in Philadelphia.

Our standard of review is well-settled.

> In an appeal from an order transferring venue on the basis of *forum non conveniens,* our standard of review is "whether the trial court committed an abuse of discretion."
>
> If there exists any proper basis for the trial court's decision to transfer venue [pursuant to Pa.R.C.P. 1006(d)(1)], the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record.

**Stoner v. Penn Kleen, Inc.**, 59 A.3d 612, 614 (Pa. Super. 2012) *appeal denied*, 101 A.3d 787 (Pa. 2014) (citations omitted).

The standards for transferring a case based upon *forum non conveniens* were announced in **Cheeseman v. Lethal Exterminator, Inc.**, 701 A.2d 156 (Pa. 1997). Relevantly, the party seeking change of venue

- 2 -

must demonstrate with particularity, that plaintiff's choice of forum is either oppressive or vexatious.[1]  *Id*. at 162.

Application of the ***Cheeseman*** standard has recently been clarified by our Supreme Court in ***Bratic v. Rubendall***, 99 A.3d 1 (Pa. 2014).  ***Bratic*** emphasizes the fairness and practicality goals of *forum non conveniens*[2] and reiterates that the trial court decision must be reasonable in light of the peculiar facts of the case.[3]  ***Bratic*** further recognizes that "interference with one's business and personal life caused by the participatory demands of a distant trial is patent," and requires no extra detail.  ***Id***. at 9. Essentially, ***Bratic*** provides for a practical rather than formulaic approach to the determination to transfer a case based upon inconvenient forum.

With the ***Cheeseman*** standard, as applied by ***Bratic***, as our touchstone, our review of the certified record demonstrates to us that the trial court's decision to transfer this matter to Blair County is supported by the record.[4]  The trial court considered relevant matters and determined trial

---

[1] The oppressive or vexatious language was first used in ***Scola v. AC & S, Inc.***, 657 A.2d 1234, 1241 (Pa. 1995), but ***Cheeseman*** formally adopted oppressive or vexatious as the standard.

[2] ***Bratic***, 99 A.3d at 6.

[3] ***Bratic***, 99 A.3d at 7.

[4] Factual determinations and conclusions found in the Pa.R.A.P. 1925(a) opinion are supported by proper citations to the record.

in Philadelphia County would prove unduly burdensome upon the defense and their witnesses. The trial court determined said burden would be substantially reduced by conducting the trial in Blair County.[5]

Accordingly, the order transferring this matter to Blair County for trial is affirmed. The parties are directed to attach a copy of the trial court's July 9, 2013, Pa.R.A.P. 1925(a) opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2015

_____

[5] We note that in **Bratic**, the initial choice of venue was 100 miles distance for the defense, which weighed heavily in favor of the trial court's decision to transfer the case. Instantly, the record reveals Philadelphia is 230 miles from Blair County. Not only is this 2.3 times further than in **Bratic**, for reference, we note it is more than twice the distance from Philadelphia to New York, New York, and almost 100 miles further than Philadelphia to Washington, D.C.

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
CIVIL TRIAL DIVISION

LARRY A. LYTLE                          :          APRIL TERM, 2013
                                        :
              Plaintiff,                :
                                        :
       v.                               :          NO. 04215
                                        :
CONSOLIDATED RAIL CORPORATION,          :
and NORFOLK SOUTHERN RAILWAY            :
COMPANY                                 :
                                        :
              Defendants.               :

OPINION

On April 29, 2013 Larry A. Lytle filed a complaint against Consolidated Rail

Corporation and Norfolk Southern Railway Company pursuant to the Federal Employers'

Liability Act, (FELA) Title 45 U.S.C. §§51-60.[1]  On May 7, 2014 defendants filed a motion to

transfer venue to Blair County, Pennsylvania on the basis of *Forum Non Conveniens* pursuant to

Pa.R.C.P. 1006(d)(1).[2]  On June 3, 2014 that motion was granted.[3]  On June 18, 2014 Plaintiff

filed a timely appeal.[4]

Plaintiff, a resident of Blair County[5], was employed by defendant railroads and alleges

that he contracted illnesses while he was working as an employee of the defendants through his

exposure to various toxins.[6]  Plaintiff alleges that this exposure lasted about 34 years, from the

beginning of his employment on or about June 1, 1976 through September 3, 2010.[7]  Until

further discovery is completed it is impossible to know how many witnesses will be needed.

---

[1] Plaintiff's Complaint ¶¶1-4.
[2] Motion to Transfer: May 7, 2014
[3] Order: Filed, June 6, 2014.
[4] Notice of Appeal: June 18, 2014.
[5] Plaintiff's Complaint ¶1. Cambria County is adjacent to Blair County and is over four hours away from Philadelphia County.
[6] Plaintiff's Complaint ¶¶ 6-12.
[7] Plaintiff's Complaint ¶10.

Lytle Vs Consolidated Rail Corporation Etal-OPFLD



13040421500045

1

R.811a

Plaintiff alleges that such exposure caused him to develop colorectal cancer and liver cancer.[8] Plaintiff further alleges that defendants were engaged in interstate commerce as a common carrier railroad.[9] When plaintiff was employed by defendants he worked exclusively in Blair County, Pennsylvania.[10] Plaintiff has never worked for defendants in Philadelphia County, Pennsylvania.[11]

Jon Freas is a former supervisor of plaintiff and will be used as a witness to "testify as to the job duties and requirements of electricians and regarding the job and safety training received by electricians."[12] Freas resides in Blair County, 230 miles from the Philadelphia Court of Common Pleas.[13] Freas testified that it would take him four hours to commute to Philadelphia and that his employer would incur substantial expense and hardship due to his travel expenses and absence from work.[14] Freas testified that a trial conducted in Blair County would reduce this burden considerably.[15]

None of the known supervisors that plaintiff had throughout his railroad career reside in Philadelphia County, Pennsylvania.[16] Plaintiff's co-workers and supervisors who are expected to testify are all located in and around Blair County.[17] If these employees are required to spend an extended amount of time in Philadelphia as witnesses, their absences would be unduly burdensome to their employer.[18] Peets, assistant manager of claims for Norfolk Southern Corporation, testified that this burden and disruption to employers would be reduced

---

[8] Plaintiff's Complaint ¶11.
[9] Plaintiff's Complaint ¶5.
[10] Plaintiff's Responses to Defendant's request for Admissions ¶¶1-3. May 7, 2014.
[11] Plaintiff's Responses to Defendant's request for Admissions at ¶1.
[12] Affidavit of Jon Freas ¶¶ 4-5.
[13] Affidavit of Jon Freas ¶6.
[14] Affidavit of Jon Freas ¶7.
[15] Affidavit of Jon Freas ¶8.
[16] Affidavit of Jacqueline Peets ¶4.
[17] Affidavit of Jacqueline Peets ¶4.
[18] Affidavit of Jacqueline Peets ¶5.

R.812a

considerably by conducting the trial in Blair County.[19] Peets also testified that Plaintiff's known medical providers, including those persons who provided treatment to Plaintiff regarding the instant alleged injury, are located in Blair County, Pennsylvania.[20]

A personal action against a corporation or similar entity may be brought in the county where the cause of action arose.[21] Therefore, Blair County is a proper venue. "The right of a plaintiff to choose a forum is not absolute."[22] The Court, for the convenience of parties and witnesses may transfer an action to the appropriate court of any other county where the action could originally have been brought, upon petition of any party.[23] The trial court is vested with discretion in determining whether or not to grant a petition to transfer venue under Pa.R.C.P. 1006(d).[24]

In Cheeseman v. Lethal Exterminator, Inc.[25] the Pennsylvania Supreme Court stated that a petition to transfer venue pursuant to Rule 1006(d)(1) should not be granted unless the defendant meets his burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant.[26] If the defendant can show, through detailed information on the record, that the plaintiffs' choice of forum is oppressive or vexatious, the case should be moved.

"Claims by the defendant in its petition that no significant aspect of the case involves the chosen forum, and that litigating in another forum would be more convenient... do not amount to a showing that the chosen forum is oppressive or vexatious."[27] However, the defendant "may

---

[19] Affidavit of Jacqueline Peets ¶¶ 1-6.
[20] Affidavit of Jacqueline Peets ¶7.
[21] Pa.R.C.P. 2179(a)(3).
[22] Wills v. Kaschak, 420 Pa.Super. 540 (1992).
[23] Pa.R.C.P. 1006(d)(1).
[24] See, Hosiery Corp. of America, Inc. v. Rich, 327 Pa.Super. 472 (1984).
[25] 549 Pa. 200, 214 (1997).
[26] 549 Pa. 200, 213 (1997).
[27] 549 Pa. 200, 214 (1997).

meet this burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses and other sources of proof."[28] There is no talismanic form of proof required. "All that is required is that the moving party present a sufficient factual basis for the petition."[29]

Blair County is where the plaintiff worked for the defendants and where the alleged exposure occurred for over thirty years. Plaintiff resides in Blair County. In the present case defendants have shown through evidence on the record that trial in Philadelphia County would be unduly burdensome to their witnesses and their witnesses' employers. Defendants have also shown through evidence on the record that trial in Blair County would substantially reduce the burden placed upon their witnesses and their witnesses' employers. This evidence provides a sufficient factual basis for the petition to transfer the case to Blair County on the basis of *Forum Non Conveniens* pursuant to Pa.R.C.P. 1006(d)(1). For the reasons set forth above the judgment should be affirmed.

BY THE COURT,

7/9/13
DATE

MARK I. BERNSTEIN, J.

---

[28] Id.

[29] Wood v. E.I du Pont de Nemours and Co., 829 A.2d 707, 714 (Pa. Super. 2003).

4

R.814a