J-A14009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAUL SINCLAIR AND KELLY WELLS SINCLAIR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| FIRST GLOBAL EXPRESS, INC. AND YAKOV R. MELNIK, | |
| Appellees | No. 2860 EDA 2016 |

Appeal from the Order Entered August 18, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 160100231

BEFORE:  BENDER, P.J.E., BOWES, J., and SHOGAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 28, 2017**

Appellants, Paul Sinclair ("Mr. Sinclair") and Kelly Wells Sinclair ("Mrs. Sinclair") (referred to jointly as "the Sinclairs"), appeal from the August 18, 2016 order granting Appellees', First Global Express, Inc. ("First Global") and Yakov R. Melnik ("Mr. Melnik"), Motion to Transfer Venue for Forum *Non Conveniens*.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case in its Pa.R.A.P. 1925(a) opinion:

> This matter arises from a motor vehicle accident that occurred on the Pennsylvania Turnpike at milepost 226.9 in Cumberland County, Pennsylvania on January 14, 2014.  [The Sinclairs] reside in Haw River, North Carolina.  [First Global] is incorporated in Illinois with a business address in Rockford, Illinois.  [Mr. Melnik] is an adult individual residing in Erie, Pennsylvania.  [The Sinclairs] filed suit in Philadelphia County on January 5, 2016.

The facts of the case as presented in the Amended Complaint are as follows. At all relevant times[,] Mr. Melnik was acting as an agent of [First Global]. On the date of the accident, … Mr. Sinclair was working as a long[-]haul truck driver. [He] was sleeping in his parked tractor trailer in an area specifically designated for parking such vehicles on the Pennsylvania Turnpike. While driving a commercial truck, Mr. Melnik drove into the designated area and collided with the parked vehicle in which [Mr. Sinclair] was sleeping, causing injury to [Mr. Sinclair].

Pursuant to Pa.R.C.P. 1006(d)(1), Appellees filed a Motion to Transfer based upon the doctrine of Forum *Non Conveniens* requesting the matter be transferred to Erie County[.][1][] The parties were given approximately two months to engage in discovery relevant to [Appellees'] Motion, after which an argument and evidentiary proceeding was held. … [T]his [c]ourt granted [Appellees'] Motion and transferred this matter to the Cumberland County Court of Common Pleas[.][2][]

[1] Pursuant to Pa.R.C.P. 1028(a)(1), [Appellees] initially filed Preliminary Objections challenging venue. [Appellees] subsequently withdrew their Preliminary Objections.

[2] [Appellees] requested this matter be transferred to Erie County. However, this [c]ourt noted venue was appropriate in either Cumberland County or Erie County.

Trial Court Opinion ("TCO"), 12/30/16, at 1-2 (citations to record omitted).

The Sinclairs filed a timely notice of appeal on August 22, 2016, followed by a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The Sinclairs now present the following issue for our review:

Did the trial court abuse its discretion when, based on the affidavit of a defendant who works as a long-haul tractor-trailer driver that it would be "extremely oppressive and inconvenient" and "extremely difficult" for him to have to travel to Philadelphia to defend this lawsuit, it transferred venue of this law suit under the doctrine of forum *non conveniens* from the easily reachable transportation hub of Philadelphia County to Cumberland

- 2 -

> County, a location equally if not more inconvenient for the parties and for all or all but one of the potential witnesses?

The Sinclairs' Brief at 6.

Before addressing the merits of the Sinclairs' claim, we note our standard of review:

> In an appeal from an order transferring venue on the basis of forum *non conveniens*, our standard of review is "whether the trial court committed an abuse of discretion."
>
>> If there exists any proper basis for the trial court's decision to transfer venue [pursuant to Pa.R.C.P. 1006(d)(1)], the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record.

*Stoner v. Penn Kleen, Inc.*, 59 A.3d 612, 614 (Pa. Super. 2012) (quoting *Bratic v. Rubendall*, 43 A.3d 497, 499 (Pa. Super. 2012), *reversed on other grounds*, 99 A.3d 1 (Pa. 2014) (internal citations omitted)).

Pennsylvania Rule of Civil Procedure 1006(d)(1) provides: "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). "In applying Rule 1006(d), the trial court must give deference to the plaintiff's choice of forum in ruling on a petition to transfer venue." *Stoner*, 59 A.3d at 614 (internal citation and quotation marks omitted). "While a plaintiff need not provide reasons for selecting one venue over another, the doctrine of forum *non conveniens* 'is a necessary counterbalance to insure [*sic*]

- 3 -

fairness and practicality.'" ***Bratic v. Rubendall***, 99 A.3d 1, 6 (Pa. 2014) (quoting ***Okkerse v. Howe***, … 556 A.2d 827, 832 ([Pa.] 1989)). The party seeking a transfer of venue bears a heavy burden. ***Id.*** at 7.

> The defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing … the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing … trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

***Id.*** (quoting ***Cheeseman v. Lethal Exterminator, Inc.***, 701 A.2d 156, 162 (Pa. 1997)).

Here, the Sinclairs argue that the trial court's transfer of venue from Philadelphia County to Cumberland County made the trial of this case "considerably more inconvenient for [them], [their] fact and expert witnesses, and even for [First Global] – given how many more non-stop flights exist between Chicago and Philadelphia than between Chicago and Harrisburg." The Sinclairs' Brief at 13. Moreover, the Sinclairs claim that the trial court's reliance on the single paragraph in Mr. Melnik's affidavit, claiming "difficulty, inconvenience, and oppressiveness," in granting the transfer of venue, constitutes an abuse of discretion. ***Id.*** at 13-14. However, after careful review of the record, we discern no abuse of discretion by the trial court.

The trial court found the **Bratic** case, which involves a matter transferred from Philadelphia County to Dauphin County, similarly, on the basis of forum *non conveniens*, to be instructive here. **See** TCO at 4-5 (citing **Bratic**, 99 A.3d at 1). In **Bratic**, the Supreme Court emphasized the importance of considering the totality of the evidence in determining whether a forum is oppressive and vexatious, and noted that factors to be considered may include distance and the disruption of a witness' personal or professional life. **Bratic**, 99 A.3d at 8.

Moreover, the trial court noted that the affidavits in **Bratic** were essentially identical in nature to the affidavits in the instant case, stating that trial in Philadelphia would be a personal and financial hardship due to the associated costs, travel and time away from work. **See** TCO at 5 (citing **Bratic**, 99 A.3d at 4 n.3). In discussing the sufficiency of the affidavits, the **Bratic** Court stated:

> The witnesses need not detail what clients or tasks will be postponed or opportunities lost in order for the judge to exercise common sense in evaluating their worth; indeed, no one can foretell such detail. One hopes a judge may comprehend the existence of relevant general disruption from the allegations in the affidavit, sufficiently to rule on the issue.
>
> …
>
> A petition to transfer venue must be supported by detailed information on the record, but **Cheeseman** and Rule 1006(d) do not require any particular form of proof. All that is required is that the moving party present a sufficient factual basis for the petition, and the trial court retains the discretion to determine whether the particular form of proof is sufficient.

**Bratic**, 99 A.3d at 9.

In support of its decision to grant the transfer of venue in the instant case, the trial court opined:

> Here, Mr. Melnik submitted an affidavit with the submission of his Motion. The affidavit stated [he] was a resident of Erie County, Pennsylvania; it would be extremely difficult for him to travel to Philadelphia for the trial; trial in Philadelphia would be extremely oppressive and inconvenient. In addition to Mr. Melnik's affidavit, at the evidentiary hearing[,] [Appellees] submitted to the [c]ourt an affidavit of Corporal John Rosenberger of the Pennsylvania State Police. It was represented to the [c]ourt that Corporal Rosenberger was the appropriate supervisor of the responding trooper to address the trooper's concerns. Accordingly, Corporal Rosenberger submitted an affidavit on behalf of Trooper Duncan, the responding officer. The affidavit stated Trooper Duncan was assigned to the Cumberland County area; approximately three hours away from Philadelphia. As such, it would be oppressive and vexatious for Trooper Duncan to come to Philadelphia to testify.
>
> …
>
> Based upon Mr. Melnik's residence, Philadelphia's City Hall is nearly a seven-hour drive of over 400 miles. This is not a mere ride from a neighboring county into Philadelphia. Participating at a trial in Philadelphia over 400 miles and nearly seven hours of traveling time from home will certainly impact a defendant far beyond mere inconvenience. The scenario presented here is not one of a long, possibly inconvenient drive to and from Philadelphia each day of trial. Instead, allowing this case to remain in Philadelphia would cause [Mr. Melnik] to be uprooted from his daily life. Attending trial over 400 miles away from home leaves little possibility of meeting any professional or personal obligations a defendant may have.

TCO at 5-6 (citations to the record omitted).

In response to the Sinclairs' argument that the fact that Mr. Melnik is employed as a long-haul truck driver negates his ability to claim the chosen forum was oppressive, the trial court stated: "[T]his [c]ourt sees a stark

contrast between being forced to travel over 400 miles away as a litigant, and traveling as a long[-]haul truck driver." *Id.* at 7. The trial court further noted that the Sinclairs' reliance "upon the accessibility of the airport and the ease of traveling into Philadelphia International Airport from [the Sinclairs'] home state of North Carolina; the willingness of [the Sinclairs'] out-of-state treating physicians to fly into Philadelphia and the presumed ease for the [Appellees] to fly into Philadelphia … are little more than fleeting presumptions." *Id.* at 7-8.

In sum, we conclude that the trial court properly considered the totality of the circumstances and that the record adequately supports its decision to grant the transfer of venue.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2017