J-A09031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SYLVIA HECKROTE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMCAST CORPORATION, COMCAST | : | No. 1409 EDA 2020 |
| OF SOUTHEAST PENNSYLVANIA LLC, | : | |
| SCHANER'S MOBILE HOME PARK, | : | |
| SANATOGA REAL ESTATE & | : | |
| DEVELOPMENT INC., LIFTED UP | : | |
| MINISTRIES, LIBERTY MINISTRIES | : | |
| INC., AND JOHN DOE #1-10 | : | |

Appeal from the Order Entered May 16, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 191102838

BEFORE:  NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.<sup>*</sup>

MEMORANDUM BY PELLEGRINI, J.:  **FILED MAY 4, 2022**

Sylvia Heckrote (Heckrote) appeals from the May 16, 2020 order entered in the Court of Common Pleas of Philadelphia County (trial court) granting the motion to transfer venue filed by Comcast of Southeast Pennsylvania LLC, *et al.* (Comcast Defendants) in this personal injury action based on forum *non conveniens*.  We reverse and remand for further proceedings consistent with this Memorandum.

---

<sup>*</sup> Retired Senior Judge assigned to the Superior Court.

**I.**

This procedurally unusual case arises from a March 31, 2018 incident wherein Heckrote tripped and fell outside of her home located in Schaner's Mobile Home Park at 3000 East High Street in Sanatoga, Pennsylvania, in Montgomery County. Heckrote alleged that she fell on cables and/or wires in front of her home attached to a fallen telephone pole and that she suffered severe injuries caused by the negligence of the Comcast Defendants.

Heckrote initiated this action on November 21, 2019, by filing a complaint against the Comcast Defendants in Philadelphia County. In April 2020, arguing that Philadelphia County is an oppressive and vexatious forum and that venue is instead appropriate in Montgomery County, the Comcast Defendants filed a motion to transfer venue pursuant to Pa.R.C.P. 1006(d)(1). On May 16, 2020, the trial court granted the motion but mistakenly noted that Heckrote had not filed a response to the motion to transfer venue. The trial court dismissed the action without prejudice for Heckrote to refile it in Montgomery County within 20 days.

On May 21, 2020, Heckrote filed a motion for reconsideration challenging the court transferring venue without holding a hearing or allowing for discovery. The trial court denied the motion for reconsideration on May 28, 2020. Heckrote timely filed the instant appeal from the trial court's May 16, 2020 order on June 8, 2020. Several months later, on February 16, 2021,

the trial court ordered Heckrote to file a Rule 1925(b) statement and she filed a statement the next day. *See* Pa.R.A.P. 1925(b).

On April 26, 2021, the trial court entered an amended order it which it essentially sought to rescind its May 16, 2020 order by granting Heckrote's motion for reconsideration and denying the Comcast Defendants' motion to transfer venue.[1]  In September 2021, the trial court issued an opinion requesting that we remand this case to the Court of Common Pleas of Philadelphia County to be heard.  The court explained that when it initially granted the Comcast Defendants' motion for transfer on May 16, 2020:

> there was an ongoing global pandemic and issues with the City of Philadelphia computers.  Due to these issues, this Court was not in receipt of Plaintiff's Answer to the Defendant's motion to transfer.  A Motion for Reconsideration was then filed by Plaintiff on May 21, 2020, which this Court denied.  After receiving the Plaintiff's Notice of Appeal, and issuing a 1925(b) Statement of Matters, **this Court received Plaintiff's Statement of Matters, which stated that this Court did not consider the April 29, 2020 Answer to the Defendant's Motion to Transfer**.  **Upon reading this issue, this Court went back and found that Plaintiff had indeed filed an Answer**.  On April 12, this Court

_____

[1] The trial court's order conflicts with the general rule that it was divested of jurisdiction to act, given the procedural posture of this case at the time, where it was well beyond 30 days after entry of the May 16 order and Heckrote had already filed this appeal.  *See* 42 Pa.C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order **within 30 days after its entry**, notwithstanding the prior termination of any term of court, **if no appeal from such order has been taken or allowed**.") (emphasis added); *see also* Pa.R.A.P. 1701(a), (b)(3) (stating general rule that after appeal is taken, trial court may no longer proceed in matter and providing that it may grant reconsideration of an order only if application for reconsideration is timely filed and reconsideration is granted within time prescribed for filing notice of appeal).

sent a letter to the Superior Court requesting that this case be remanded and on April 26, 2021, this Court issued an Amended Order granting Plaintiff's Motion for Reconsideration and Denying Defendants' Motion to Transfer.

(Trial Court Opinion, 9/16/21, at 1-2) (emphasis added). We issued a *per curium* order denying the trial court's request for remand without prejudice for this panel to consider the issue.

## II.

Heckrote contends that remand of this case to the trial court is necessary because the court granted the Comcast Defendants' motion to transfer venue on grounds of forum *non conveniens* without considering her response to that motion. Heckrote also maintains the trial court abused its discretion in granting the motion without holding a hearing on the issue of venue or allowing any time for discovery to develop a record relating to the appropriateness of Philadelphia as her chosen forum.[2]

Pennsylvania Rule of Civil Procedure 1006 governs challenges to venue and provides in pertinent part as follows: "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). However, a plaintiff's choice of forum

---

[2] "In an appeal from an order transferring venue on the basis of forum *non conveniens,* our standard of review is whether the trial court committed an abuse of discretion." **Stoner v. Penn Kleen, Inc.**, 59 A.3d 612, 614 (Pa. Super. 2012) (citation omitted).

is generally controlling and "should **rarely** be disturbed by the grant of a Rule 1006(d)(1) petition." ***Moody v. Lehigh Valley Hosp.-Cedar Crest***, 179 A.3d 496, 507 (Pa. Super. 2018), *appeal denied*, 194 A.3d 116 (Pa. 2018) (citation omitted; emphasis added). "Moreover, the term forum *non conveniens* is actually a misnomer because inconvenience is not enough reason to transfer venue. The plaintiff's choice of venue must be either vexatious, *i.e.*, intended to harass, or so oppressive as to require transfer." ***Id.*** (citation omitted).

A trial court should not grant a petition to transfer venue unless "the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." ***Cheeseman v. Lethal Exterminator***, 701 A.2d 156, 162 (Pa. 1997). The ***Cheeseman*** court explained that a petitioner can meet this burden by:

> establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or the ability to conduct a view of the premises involved in the dispute. But we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

***Id.***

Proper procedure under Rule 1006(d)(1) then, unless unopposed, requires the taking of evidence by deposition, affidavits or otherwise on

disputed issues of fact. **See Rubin v. Lehman**, 660 A.2d 636, 640 (Pa. Super. 1995), *appeal denied*, 689 A.2d 235 (Pa. 1996) ("If this court is to be faithful to the notion that a plaintiff's choice of forum is entitled to weighty consideration, then, at the very least, we should be enforcing the requirement that the party seeking to change that venue fulfill its heavy burden with **record proof** of the claimed hardships.") (emphasis original).

In this case, the record reflects that a breakdown in the court system caused by the Covid-19 pandemic and computer system problems resulted in the trial court's lack of awareness of Heckrote's response to the Comcast Defendants' motion to transfer this case out of Philadelphia County. The trial court expressly advised that it did not go back to review the case filings and thereby discover Heckrote's missing response until she had already filed this appeal and the court read her Rule 1925(b) statement. As a result, the trial court inadvertently did not require the Comcast Defendants to meet their heavy burden of establishing with detailed information on the record that Heckrote's choice of forum is oppressive or vexatious. **See Moody**, **supra** at 507.

In light of the breakdown in the operation of the court and considering that the trial court has requested remand of this case, we reverse its May 16, 2020 order and remand for further proceedings consistent with this Memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2022